[No. 2406]

## AL. L. CLARK, RESPONDENT, *v.* LONDON ASSURANCE CORPORATION (A CORPORATION), APPELLANT.

[195 Pac. 809]

1. INSURANCE—FAILURE TO FURNISH PROOFS OF LOSS WITHIN TIME PRESCRIBED DOES NOT PREVENT RECOVERY.
   Under the New York standard fire insurance policy, providing that in case of loss insured shall render sworn proofs within sixty days, the failure to render proofs of loss within such time does not prevent a recovery.

2. INSURANCE—PROOFS OF LOSS NOT PART OF CONTRACT.
   Though a contract of insurance provides for the rendering of proofs of loss, such proofs do not, when rendered, become a part of the contract.

3. INSURANCE—PROOFS OF LOSS NOT BINDING ON INSURER.
   The insurer is not a party to the proof of loss, and does not participate in making it, and is not bound by the proofs or by any statement contained in or omitted from such proofs.

4. CONTRACTS—FORFEITURE MUST BE CLEARLY EXPRESSED.
   Courts are not diligent in searching for an excuse to justify a forfeiture or convert a precautionary clause into one of forfeiture, and nothing will be held as contemplating a forfeiture, unless such idea is clearly expressed.

APPEAL from Second Judicial District Court, Washoe County; *Edward F. Lunsford,* Judge.

Action by Al. L. Clark against the London Assurance Corporation.   From a judgment for plaintiff and from an order denying a new trial, defendant appeals. **Affirmed.**

*Miller, Thornton, Miller & Watt* and *Withers & Withers,* for Appellant:

The contract requires that proofs shall be furnished, and that they shall be presented within sixty days after a fire.   There is no more reason for making the first than the second requirement obligatory, and it will not be contended that proofs can be entirely dispensed with. This would be making a new contract for the parties, instead of construing or interpreting the contract actually made.   "We are of the opinion that the court could not set aside and ignore the plain provisions of the contract of insurance.   Defendant had the right to limit its liability by the terms of the contract."   Bastian v. British American, 143 Cal. 289.

Failure to present proofs of loss within the period provided for by the policy precludes the insured from making recovery under his policy.   Arkansas Mill v. Clark, 105 S. W. 257; White v. Home Mutual, 128 Cal. 131; Emery v. Glenns Falls, 76 Atl. 230; Hanover v. Johnson, 57 N. E. 277; Leftwitch v. Royal, 46 Atl. 1010; Cook v. North British, 62 N. E. 1049; Gould v. Dwelling House Ins. Co., 51 N. W. 455; Shipero v. Western, 53 N. W. 463; Burgess v. Mercantile, 89 S. W. 568; Hare v. Headley, 35 Atl. 445; Peabody v. Saterlee, 52 L. R. A. 956; S. F. Savings Union v. Western, 157 Fed. 695.

"A policy of insurance is a contract which must be enforced according to its terms.   *   *   *   There is but one safe rule, and that is to take the contract as written, subtracting nothing therefrom and adding nothing thereto."   Healey v. Imperial F. I. Co., 5 Nev. 268.

*McCarran, Miller & Mashburn,* for Respondent:

Plaintiff gave notice of loss in proper time, and that

was sufficient. The purpose of notice is to acquaint the insurer with the fact of the loss by fire, so that investigation may be made. "To hold that a plaintiff must, as a condition upon which its right to recover depended, furnish information already well known to defendant, would be a rigid and technical construction of this provision of the policy, from a compliance with which it could receive no benefit. Such construction should not be adopted." Will & Bauer Co. v. Rochester G. I. Co., 125 N. Y. Supp. 606; Omaha F. I. Co. v. Dierks, 43 Neb. 473.

The loss was total. Where the original notice shows that the loss was total, formal proof of loss is thereby dispensed with. Joyce, Insurance, sec. 3338.

Failure to render proof of loss within sixty days after the fire is not sufficient to forfeit the policy, render it void, or prevent recovery. Joyce, Insurance, sec. 3282; Conn. F. I. Co. v. Colo. L. M. & M. Co., 50 Colo. 424; 13 Am. & Eng. Ency., 2d ed. 329; 4 Cooley's Briefs on Insurance, 3369; 1 Clement, Fire Insurance, 201.

Reasonable excuse for not making the proof of loss within the prescribed time relieves the insured from the danger of forfeiture. Leftwitch v. Royal, 46 Atl. 1010; Cook v. North British, 62 N. E. 1049.

Substantial compliance with the terms of the policy as to time of making proof of loss and the making of such proof within a reasonable time after the fire is all that is necessary; a "strict literal compliance not being necessary." Joyce, Insurance, 2d ed., sec. 3275; Miller v. Hartford F. I. Co., 70 Iowa, 704; Jefferson Realty Co. v. Employers L. A. Corp., 149 Ky. 741; Etna L. I. Co. v. Bethel, 140 Ky. 608; Barker v. Phœnix I. Co., 5 Am. Dec. 339; Padget v. North Carolina H. I. Co., 98 S. C. 244; National Union F. I. Co. v. Burkholder, 116 Va. 942.

Failure to render proof within time required by policy does not prevent recovery of insurance money in a suit, even where the policy provided that no action could be

maintained "until after full compliance with all the foregoing requirements" of the policy. Rynalski v. Insurance Co. of Penn., 96 Mich. 395; Conn. F. I. Co. v. Colo. L. M. & M. Co., Ann. Cas. 1912c, 597; Hartford F. I. Co. v. Redding, 67 L. R. A. 418; Columbian L. I. Co. v. Miller, Ann. Cas. 1914d, 408; Maryland Casualty Co. v. Burns, 149 S. W. 867; Continental F. I. Co. v. Whitaker, 64 L. R. A. 451; Kahnweiler v. Phœnix Ins. Co., 57 Fed. 562; G. & R. Ins. Co. v. Prairie Co., 248 Fed. 452.

Rendering proof of loss within the time specified in the policy is not a condition precedent. Steele v. German Ins. Co., 18 L. R. A. 85; Phœnix Ins. Co. v. Creason, 14 Ky. L. Rep. 573; Hall v. Concordia Insurance Co., 51 N. W. 524.

Forfeitures are not favored. Mason v. St. Paul F. & M. Ins. Co., 82 Minn. 336; Clement, Fire Insurance, 201; Cooley's Briefs on Law of Insurance, 3366; 14 R. C. L. 1327; Flatley v. Phenix Ins. Co., 70 N. W. 829.

By the Court, COLEMAN, J.:

This is an action to recover upon an insurance policy the sum of $1,000, damages sustained by fire. Judgment was in favor of plaintiff, from which, and from an order denying a motion for a new trial, an appeal has been taken.

The policy sued upon is what is known as a "New York standard policy." It contains a provision to the effect that in case of loss the insured shall render to the company sworn proof thereof within sixty days after the fire. The fire occurred April 8, 1918, of which the company became aware the following day. The property insured was wholly destroyed. The company's adjuster inspected the premises April 13, and on the 14th the company was notified by letter of the fire. Sworn proof of loss was mailed to the San Francisco office of the company on the sixty-eighth day after the fire. A few days prior to the fire plaintiff had permitted a policy of

$2,000 carried on the property to lapse for nonpayment of premium.

1.    The sole defense to the action was the failure to render sworn proof of loss within sixty days after the fire.    As an excuse for failure to render the sworn proof of loss within the sixty-day period, plaintiff, in reply, pleaded sickness.

There is no provision in the policy to the effect that the insured shall forfeit his rights thereunder in case proof of loss is not rendered within sixty days after a loss by fire is sustained, though it does contemplate forfeitures under certain other circumstances.

In disposing of this appeal, we deem it necessary to consider but one proposition of law.    It may be said at the outset that there are two lines of authority on the question of whether or not the failure to make proof of loss within the sixty-day period bars recovery.    Judge Van Fleet, in S. F. Savings Union v. Western A. Co., 157 Fed. 696 (decided in 1907), said that the courts were evenly divided on this point.    Since that time, in keeping with the progressive spirit of the age, the current of authority has been strongly in favor of the rule that such a failure is not of itself sufficient to deny the right of recovery.

It is the contention of appellant that no circumstance will excuse a delay beyond the sixty-day period in rendering the proof of loss.    That such a view would be a harsh one to take goes without saying.    In case a building which is covered by a policy similar to the one in question should catch fire through no fault of the insured, and in an effort to extinguish the fire he should be so injured as to be rendered helpless and unconscious for more than sixty days, and a total loss should ensue, would any one except defendant say there could be no recovery?

In reply to the suggestion that the insured, who, being insane, failed to file proof of loss within the time limit stated in the policy, could not recover, it was said that

such a proposition is too repugnant to justice and humanity to merit serious consideration (Ins. Co. v. Boykin, 12 Wall. 433, 20 L. Ed. 442) ; and the doctrine thus stated has been approved (Woodmen A. Assn. v. Pratt, 62 Neb. 673, 87 N. W. 546, 55 L. R. A. 291, 89 Am. St. Rep. 777; Houseman v. Home Ins. Co., 78 W. Va. 203, 88 S. E. 1048, L. R. A. 1917A, 299; Metropolitan Gas. Co. v. McAuley, 134 Ga. 165, 67 S. E. 393).

The policy sued upon contains no forfeiture clause. By its terms the company became liable when the property was consumed. To justify a reversal of the judgment, we must say that the delay in rendering the proof of loss constituted a forfeiture on the part of plaintiff of his claim for damages against the company. That forfeitures, as a general proposition, are not favored, is a well-recognized rule. The Supreme Court of Appeals of Virginia, in North B. & M. Ins. Co. v. Edmundson, 104 Va. 486, 52 S. E. 350, lays down the rule to be:

"Where 'no forfeiture is provided for in case of failure to furnish proofs, forfeitures being stipulated in case of breach of other requirements, or furnishing the proofs in the specified time is not expressly made a condition precedent to recovery, the great majority of recent decisions hold that the effect of failure to furnish them is merely to postpone the time of payment to the specified time after they are furnished.' "

The Court of Appeals of Kentucky, in the case of Kenton Ins. Co. v. Downs, 90 Ky. 236, 13 S. W. 882, had under consideration the question here presented. It was held that the court would not imply a forfeiture.

In Continental F. I. Co. v. Whitaker & Dillard, 112 Tenn. 151, 79 S. W. 119, 64 L. R. A. 451, 105 Am. St. Rep. 916, the court quotes, with approval, from Joyce on Insurance, as follows:

"If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with

other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some time prior to commencing the action upon the policy. And this has been held to be true, even though the policy provides that no action can be maintained until after a full compliance with all the requirements thereof."

In Coventry v. Evans, 102 Pa. 281, it is held that 'the provisions in a policy prescribing a time limit within which to make proof of loss will not be construed as a ground for forfeiture when proof is not made within the prescribed time, unless it is expressly so stipulated in the policy. This rule was followed in Eureka v. Gray, 2 Ohio Cir. Ct. R. (N.S.) 265, which was affirmed in 69 Ohio St. 542, 70 N. E. 1119, without comment.

In Flatley v. Phenix Ins. Co., 95 Wis. 618, 70 N. W. 828, wherein a policy substantially the same as the one involved in this case was in question, the court said:

"Forfeitures are not favored and will not be implied, and clauses relied on as creating them are to be strictly construed. The provision that 'the sum for which this company is liable, pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of loss have been received by this company, in accordance with the terms of the policy,' does not declare or provide for any forfeiture, or that the policy shall cease or become invalid if the proofs are not so furnished; nor does the clause prescribing that the proofs of loss shall be furnished 'within sixty days after the fire, unless such time is extended in writing by this company,' have that effect, or materially influence the question. The provision is not that the loss on the policy shall not become due and payable unless proof of loss shall be furnished within the sixty days specified, but, in substance, that 'the sum for which this company is liable, pursuant to the policy, shall not be payable until sixty days after due notice, ascertainment, estimate, and satisfactory proof of loss have been received

by the company, in accordance with the terms of the policy.' "

In Higson v. Insurance Co., 152 N. C. 206, 67 S. E. 509, the court, in considering this question, says:

"There are no words of forfeiture annexed to the failure to file proofs of loss. The policy was written by the defendant, and will be construed most strongly against it. If it intended that the plaintiff should lose her insurance by failing to file proofs of her loss, it should have said so in plain and unambiguous language. Having failed to do so, we must construe the contract as we find it expressed in the words chosen by the defendant."

In Munson v. G. A. Ins. Co., 55 W. Va. 423, 47 S. E. 160, in which substantially the identical question here involved was determined, the court quotes approvingly from Elliott on Insurance, sec. 307, as follows:

"Where no forfeiture is provided by the contract, and the service of the proof of loss is not made a condition precedent to the liability of the company, the effect of such failure is simply to postpone the day of payment. No liability attaches to the company, however, until such proofs are furnished; but, unless otherwise provided, expressly or by fair implication, it is not important that proofs be not in fact served within the time stated in the policy."

The same view is taken in S. M. Smith Ins. Agency v. Hamilton F. I. Co., 69 W. Va. 129, 71 S. E. 194.

In Gragg v. Home Ins. Co., 90 S. W. 1045, 28 Ky. Law Rep. 988, the court says:

"The court in the case of Kenton Insurance Company v. Downs, 13 S. W. 882, 12 Ky. Law Rep. 115, had under consideration a policy with a similar provision as the one before us with reference to making and filing proofs of the loss. The defense was the failure of the insured to furnish proofs of loss within thirty days after the loss occurred. The court decided that such failure did not forfeit or bar the action, but the furnishing of the proof was a requirement to be complied with before an

action could be maintained, unless waived by the insurer. The law does not favor forfeiture, and, as the furnishing of proofs is not expressly made a ground of forfeiture, it will not be given that effect. Conditions affecting the risk are more strictly enforced than those relating to the mode of establishing the loss."

In St. Paul F. & M. Ins. Co. v. Owens, 69 Kan. 602, 77 Pac. 544, where the only question involved was the identical one here presented, judgment in favor of the insured was affirmed. The court quotes from several authorities, and says:

"A forfeiture is never declared by courts unless it is plainly and specifically provided for in the policy. The policy involved in this case does not declare that a forfeiture shall take place if proof   *   *   *   be not made within sixty days from the date of the destruction of the property." .

In Northern Assurance Co. v. Hanna, 60 Neb. 29, 82 N. W. 97, wherein the identical question here presented was before the court, it is said:

"There is no forfeiture expressly provided for, and we are not authorized to supply one by construction. Our conclusion upon this branch of the case is that the time within which proofs of loss were to be furnished is not of the essence of the contract; and that the failure to furnish such proofs within the prescribed period did not work a forfeiture of plaintiff's claim for indemnity."

The Supreme Court of Alabama, in Taber v. Royal Ins. Co., 124 Ala. 681, 26 South. 252, in disposing of this question, says:

"Provisions of this kind [as to filing proof within sixty days], to be effective as forfeitures, must be expressed as such in unmistakable terms in the contract itself."

The Supreme Court of Florida in Indian River State Bank v. Hartford Fire Ins. Co., 46 Fla. 283, 35 South. 228, says:

"The provision of the policy sued upon herein, requiring the assured to make proofs of loss within

sixty days after the fire, does not provide that such policy shall become void, forfeited, or annulled upon a failure to furnish such proofs of loss within the prescribed time, and such is not the legal effect of said contract between the parties."

The Supreme Court of Georgia, in Southern F. I. Co. v. Knight, 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216, quotes with approval as follows from Joyce on Insurance:

"If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some time prior to commencing the action upon the policy. And this has been held to be true even though the policy provides that no action can be maintained until after a full compliance with all the requirements thereof."

In Connecticut F. I. Co. v. Colo. Leasing Co., 50 Colo. 424, 116 Pac. 154, Ann. Cas. 1912c, 597, it is said:

"It must be held, in accordance with what seems to be the rule under the weight of recent authority, that the failure to furnish the statement within sixty days merely postponed the time of payment to the specified time after it was furnished, and did not defeat recovery, the action having been commenced after sixty days after the statement was furnished, and within twelve months after the fire."

To the same effect, see Steele v. German Ins. Co., 93 Mich. 81, 53 N. W. 514, 18 L. R. A. 85; Com. Union A. Co. v. Shults, 37 Okl. 95, 130 Pac. 575; 19 Cyc. 844; 13 Am. & Eng. Ency. Law, 329; Joyce on Insurance, sec. 3282.

2, 3.    While the contract of insurance provides for the

rendering of a proof of loss, the latter does not, when rendered, become a part of such contract; nor is it a part of any agreement between the parties. It is a statement of one of the parties to the contract of insurance, made in attempting to comply with a provision of the contract. The insurer is not a party to the proof of loss, does not participate in the making of it, and is not bound by it, nor by any statement which may be contained in or omitted therefrom.

4. There is not a suspicion of fraud or unfair dealing in this case. One of the purposes—in fact, the chief one—of requiring the proof of loss is to prevent imposition and fraud. The insurer is seeking to avail itself of a technicality. Courts are not diligent in searching for an excuse to justify a forfeiture, nor are they keen to convert a precautionary clause into one of forfeiture. Nothing will be held as contemplating a forfeiture unless that idea is clearly expressed.

We have deemed it proper to review at some length the authorities sustaining our conclusion, although the courts do not, as a rule, devote much time to a consideration of the question presented, as shown by recent opinions, the latest, so far as we are aware, being in the case of Southern Idaho v. Hartford F. I. Co., 31 Idaho, 130, 169 Pac. 616.

Certain Nevada cases are called to our attention by counsel for appellant. Suffice it to say that they are not in conflict with the view we have expressed. In fact, the point here involved was not presented in either of them.

There being nothing in the policy of insurance sued upon authorizing a forfeiture, the judgment and order appealed from are affirmed.