CLIFTON DAVENPORT, JR., APPELLANT, *v.* REPUBLIC INSURANCE COMPANY, RESPONDENT.

No. 12021

March 26, 1981                                        625 P.2d 574

---

[3]The Governor designated The Honorable William P. Beko, Judge of the Fifth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const., art. 6, § 4.

*David Allen* and *R. Paul Sorenson,* Las Vegas, for Appellant.

*Fitzgibbons, Beatty & Phillips,* Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, C. J.:

Appellant Davenport brought this action against respondent Republic Insurance Company to recover money allegedly due under a homeowner's policy for a burglary loss. The district court granted Republic's motion for a summary judgment. Davenport has appealed.

A summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. NRCP 56. Judges should exercise great care in granting motions for summary judgment. A litigant has a right to trial where there is the slightest doubt as to the facts. Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979 (1963). In reviewing a summary judgment, this court accepts as true all evidence favorable to the party against whom the judgment was rendered. *Id.*

Republic premised its motion for a summary judgment on contentions (1) that Davenport had not instituted his action within the policy's twelve-month limitation period, and (2) that Davenport had not seasonably filed a sworn "proof of loss" statement. On these grounds, the district court determined Republic to be entitled to judgment as a matter of law. We do not agree.

1.   The district court erred when it determined Davenport's action was barred by a clause in the policy which requires any suit to be "commenced within twelve months next after inception of the loss."[1] In Clark v. Truck Ins. Exchange, 95 Nev. 544, 598 P.2d 628 (1979), this court construed an identical clause in an action brought to recover for a fire loss. We found the clause to be ambiguous and, therefore, to be construed against the insurer. We declared that the clause should be construed "to allow the period of limitations to run from the date of the casualty, *but the period will be tolled from the time appellant gave notice of the loss until respondent formally denies liability.*" 95 Nev. at 546, 598 P.2d at 629 (emphasis added).

Here, the record indicates that Davenport immediately notified Republic of the burglary, and that Republic has never formally denied its liability. Therefore, the district court erred insofar as its grant of summary judgment rests on Davenport's failure to comply with the policy's twelve-month limitation period for commencement of suits. *Id.*[2]

2.   The district court also erred in holding that failure to comply with the policy's "proof of loss" requirement precluded any possibility of recovery. *See* Clark v. London Assurance Corp., 44 Nev. 359, 195 P. 809 (1921), *but see* Engelman v. Royal Insurance Co., 56 Nev. 319, 51 P.2d 417 (1935). In the *Clark* case, a proof of loss clause identical to the one contested here was construed. This court noted first that, "[t]here is no provision in the policy to the effect that the insured shall forfeit his rights thereunder in case proof of loss is not rendered within sixty days after a loss. . . ." 44 Nev. at 363, 195 P. at 810. Then, noting that forfeitures are not favored, we declared that clauses relied on as creating them should be strictly construed, 44 Nev. at 364, 195 P. at 810, and affirmed a judgment for the insured despite his technical non-compliance with the "proof of loss" clause. In sum, we held such a clause does not preclude recovery, at least where the insured has attempted to comply substantially with it, or where the insurer waived its conditions. *See Engelman,* cited above, at 329.

[1]The theft of Davenport's property occurred on October 13, 1976. He commenced his suit against Republic on October 20, 1978.

[2]In Clark v. Truck Ins. Exchange, cited above, the insured party filed a formal proof of loss statement. Whether Davenport did so is uncertain. However, our holding was grounded on the fact of an actual notice of loss, and is not limited to circumstances in which there has been a formal, sworn "proof of loss" statement.

Here, Davenport by affidavit averred that he could not remember whether he submitted a proof of loss. He claimed, however, that he had completed and returned all forms sent to him by Republic. As noted, when contemplating a summary judgment, these assertions must be accepted as true. Had the district court done so, we think it would have found evidence that Davenport had complied substantially with the "proof of loss" provision, and also that Republic had waived such provision.

Accordingly, we reverse and remand this matter for further proceedings.

MANOUKIAN, BATJER, and MOWBRAY, JJ., and BEKO, D. J.,[3] concur.