Tom DECELL, Plaintiff,

v.

NORTHWESTERN NATIONAL INSURANCE COMPANY, Defendant.

No. CV–R–83–65–ECR.

United States District Court,
D. Nevada.

Aug. 18, 1983.

Virgil D. Dutt, Reno, Nev., for plaintiff.

Jerome F. Downs and Laurence D. Getzoff, San Francisco, Cal., and Roger W. Jeppson, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

This matter is before the Court on defendant's Motion for Summary Judgment. Defendant seeks summary judgment on the basis that plaintiff has failed to comply with the statute of limitations, as set forth in the insurance policy which defendant issued to plaintiff.

Plaintiff formerly operated an automobile repair business in San Leandro, California, which was known as the Foreign Stables Garage. Plaintiff purchased a special multi-peril insurance policy from defendant to insure his business operation. The policy was purchased through Schmidt and Schmidt, an insurance agency acting as agent for defendant. The policy was issued by defendant on December 21, 1979. On December 12, 1980, plaintiff's business suffered a theft. Plaintiff claims to have lost numerous items, primarily tools, as a result of the theft.

Shortly after the theft of December 12, 1980, the plaintiff notified the insurance agency of Schmidt and Schmidt of his loss. Schmidt and Schmidt instructed the plaintiff to notify the defendant. Plaintiff notified the defendant almost immediately thereafter.

Defendant requested documentation from plaintiff in February of 1981 to substantiate plaintiff's claimed loss of almost eight thousand dollars. Plaintiff then contacted an agent of defendant, Mr. Chetcuti, and informed him that many of plaintiff's receipts for the stolen items and tools had either been destroyed by water damage from a broken fire hydrant or had been stolen when the theft occurred. A number of the receipts had been stored in a tool box which was stolen. Plaintiff has asserted in his affidavits in opposition to defendant's motion for summary judgment that he remained in contact with defendant prior to and during June of 1982. Plaintiff claims that Mr. Chetcuti never unequivocally denied plaintiff's claim but rather continued to seek more information to substantiate the claim. Plaintiff provided to defendant cancelled checks reflecting tool purchases as further proof of his claim. Defendant tendered a check to plaintiff in June of 1982 which plaintiff contends only partially covered his loss. Plaintiff then commenced this action.

Paragraph 15 of Section 1 of the insurance policy which defendant issued to plaintiff states:

"15. Suit. No suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced suit within one year after the loss occurs."

The initial issue which must be resolved relative to the interpretation and application of paragraph 15 is the question of what law to apply. This action was originally brought in the Second Judicial District Court for the State of Nevada. Defendant removed the action to this Court on the basis of diversity jurisdiction. Defendant does not maintain a principal office or any office in the State of Nevada.

The United States District Court for the District of Nevada employed Section 188 of the Restatement of the Law 2d, Conflicts of Law 2d, in its analysis of the same issue which is before this Court in *MGM Grand Hotel, Inc. v. Imperial Glass Co.,* 65 F.R.D. 624 (1974). That section provides:

"In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

"(a) the place of contracting,

"(b) the place of negotiation of the contract,

"(c) the place of performance,

"(d) the location of the subject matter of the contract,

"(e) the domicile, residence, nationality, place of incorporation and place of business of the parties . . . .".

The facts of the case at bar strongly favor the application of California law. The parties negotiated the contract in California. The parties entered into the contract in California. The insured property was located in California. The loss occurred in California. At the time the contract was entered into the plaintiff was a resident of California and the defendant was doing business in that state. The only connection the State of Nevada has with this case is that the plaintiff moved to

Nevada after the loss occurred and brought suit in the Second Judicial District Court.

An issue which must be resolved relative to the question of choice of law is whether or not California law is contrary to a fundamental policy of the law of Nevada. If that is the case and if Nevada is determined to have a materially greater interest in the contract than California, then Nevada law would have to be applied. *MGM Grand Hotel, Inc. v. Imperial Glass Co., supra.*

The Nevada Supreme Court has construed clauses in insurance policies which require suit to be commenced within a specified period, such as twelve months, after inception of a loss "to allow the period of limitations to run from the date of the casualty, but the period will be tolled from the time appellant gave notice of the loss until respondent formally denies liability." *Clark v. Truck Ins. Exchange,* 95 Nev. 544, 546, 598 P.2d 628, 629 (1979); *also see Davenport v. Republic Insurance Co.,* 97 Nev. 152, 625 P.2d 574 (1981). As will be seen from the following analysis, California law is not contrary to the policy of Nevada with regard to this matter.

In *Bollinger v. National Fire Ins. Co. of Hartford, Conn.,* 154 P.2d 399, 25 Cal.2d 399 (1944), the California Supreme Court discussed a fifteen-month statute of limitation which was embodied in an insurance contract. The Court stated that statutes of limitation are designed to prevent surprise. Specifically, the Court wrote that:

"The short statutory limitation period in the present case is the result of long insistence by insurance companies that they have additional protection against fraudulent proofs, which they could not meet if claims could be sued upon within four years as in the case of actions on other written instruments." 154 P.2d at 403.

The Court reversed the lower court and thereby allowed the plaintiff to bring a second action.

The California Supreme Court based its ruling in *Bollinger* on the premise that dilatory tactics on the part of the defendant

had prevented disposition of the first action, which the plaintiff had prematurely brought in technical violation of a thirty-day limiting provision, in time to permit a second filing within the 15-month period. The Court also cited as a supporting premise for its decision the fact that the plaintiff had proceeded in a diligent manner.

The Supreme Court of California cited *Bollinger* in *Addison v. State,* 21 Cal.3d 313, 578 P.2d 941, 146 Cal.Rptr. 224 (1978). The Court discussed statutes of limitations at some length and held that their primary purpose is to prevent assertion of stale claims by plaintiffs who have failed to file an action until evidence is no longer fresh and witnesses are no longer available. The Court went on to state that:

> "The rule announced in *Bollinger* is a general equitable one which operates independently of the literal wording of the Code of Civil Procedure. As we observed in that case: '[T]his court is not powerless to formulate rules of procedure where justice demands it. Indeed, it has shown itself ready to adapt rules of procedure to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits.' " (Citations omitted.)

> "As demonstrated by *Bollinger* and *Elkins,* application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." 578 P.2d at 943 & 944, 146 Cal.Rptr. at 227.

The supporting affidavits which plaintiff has submitted indicate that plaintiff provided timely notice to defendant of the theft and his claim. They also indicate that plaintiff's wife maintained contact with defendant and at various times furnished to defendant's agent documentary evidence, such as receipts and cancelled checks, to substantiate plaintiff's claim. The affidavit of plaintiff's wife, Michelle Decell, states that:

> ". . . Mr. Chetcuti always seemed to indicate that if one more piece of information

were obtained he would pay the claim and upon our attempting to obtain that piece of information and deliver it to him something new and different was required. That at no time did Mr. Chetcuti or anybody on his behalf advise me that the claim was being denied or that the claim was even being considered to be denied but that eventually the claim would be paid."

To allow an insurance company to make use of a delay, caused by its successive requests or demands for documentation, to invoke a twelve-month statute of limitations embodied in an insurance contract would be to sanction a grossly unjust result. The defendant in the case at bar was well aware of plaintiff's claim. There is no indication that the plaintiff acted in any manner other than one which indicates good faith or that the defendant was prejudiced in any manner by the delay. The delay appears to have been caused by defendant's repeated requests for detailed documentation. Those requests or demands were forthcoming from the defendant in spite of the fact that plaintiff informed defendant that the missing documentation which defendant sought had either been stolen or destroyed. It is logical to assume that plaintiff's forbearance from bringing suit was a direct result of the equivocal attitude of defendant. It would therefore appear that all the necessary prerequisites for invoking the doctrine of equitable tolling have been met.

The case at bar appears to fall clearly within the ambit of *Bollinger* and its progeny. Accordingly, summary judgment for the defendant based upon the twelve-month statute of limitations would be totally inappropriate. To hold otherwise would be to foster the creation of a subtle and deadly trap for unwary insureds. No legitimate purpose would be served by such a trap.

The defendant is not entitled to judgment on this matter as a matter of law.

IT IS, THEREFORE, ORDERED, that the defendant's Motion for Summary Judgment be, and the same hereby is, DENIED.