[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#115)
The plaintiff, John H. McCarthy d.b.a. Dresswell Cleaners, was insured under a policy of business owner's property coverage issued by the defendant, Travelers Indemnity Co. The policy provided coverage for losses and damage resulting from fire. On August 8, 1995, a fire occurred at the plaintiffs property located at 270 Greenwood Avenue in Bethel, Connecticut. The plaintiff brought this action on July 25, 1997, and subsequently filed an amended complaint dated January 28, 1998, alleging that the defendant has failed and refused to pay the plaintiffs claim in breach of the policy of insurance (count one) and in breach of the covenant of good faith and fair dealing implied therein (count two).
On October 13, 1999, the defendant filed a motion for summary judgment together with a supporting memorandum of law, the affidavit of Timothy H. Penn a director of the defendant involved in the supervision of the plaintiffs claim, and numerous exhibits containing documentary evidence. The defendant moves for summary judgment on the grounds that no genuine issues of material fact exist regarding the plaintiffs failure to submit a proof of loss, the plaintiffs failure to cooperate and the lack of bad faith and that it is entitled to judgment as a matter of law. The plaintiff filed an objection to the motion for summary judgment on November 29, 1999, together with a supporting memorandum of law and the affidavit of the plaintiff.
 I CT Page 3660 Standards for Summary Judgment
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v.New Haven, 213 Conn. 277 279, 567 A.2d 829 (1989); see also Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276
(1999). "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citation omitted; internal quotation marks omitted.) Dowling v. Finley Associates,Inc., 248 Conn. 364, 370, 727 A.2d 1245 (1999).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New EnglandTelephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997); see also Practice Book § 17-45.
 II Failure to Submit Proof of Loss
The defendant first moves for summary judgment on the ground that no genuine issues of material fact exist regarding the CT Page 3661 plaintiffs failure to submit a sworn proof of loss in compliance with the policy provision requiring such proof[1] and that it is entitled to judgment as a matter of law. The defendant's affidavit and documentary evidence show that the plaintiff has never submitted a sworn proof of loss despite the fact that the plaintiffs counsel has repeatedly represented and assured that such was forthcoming. By letter dated June 24, 1996, the plaintiffs counsel represented to the defendant that "Mr. McCarthy has been making every effort to try and recreate some of his financial records. . . . His accountant, apparently, now has enough information which will allow us to prepare an appropriate proof of loss which we will, hopefully, forward to you within the next 45 days." (Affidavit of Timothy H. Penn, August 31, 1999 [Penn Affidavit], Exhibit 7.) Almost a year later, however, a proof of loss still had not been submitted; and the plaintiffs counsel again represented to the defendant by letter dated May 23, 1997 that "[a] proof of loss will be submitted soon." (Penn Affidavit, Exhibit 6.) Eight months later, on or about January 28, 1998, when proof of loss still had not been submitted, the plaintiff pleaded that he "is in the process of recreating all financial and business records, which were destroyed by the subject fire" and that "[o]nce the Plaintiff is in possession of said records, he will file an accurate proof of loss." (Amended Complaint, ¶ 7.) At present, however, another year later, and over four years after the fire loss occurred, the plaintiff still has not submitted a sworn proof of loss. (See Penn Affidavit, ¶ 26.)
The plaintiff admits that he has never submitted a sworn proof of loss but, citing Aetna Casualty Surety Co. v. Murphy,206 Conn. 409, 418, 538 A.2d 219 (1988), argues that his claim is not barred since the defendant has not suffered any material prejudice from the delay. In Aetna Casualty Surety Co. v.Murphy, supra, the insured delayed two years in providing notice of loss, and the insurer moved for summary judgment on that ground. The court held that "a proper balance between the interests of the insurer and the insured requires a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage. If it can be shown that the insurer suffered no material prejudice from the delay, the nonoccurrence of the condition of timely notice may be excused. . . ." Id., 417-18.
Under the present circumstances, Aetna Casualty Surety Co. v.CT Page 3662Murphy, supra, 206 Conn. 409, does not aid the plaintiff. That case dealt with the issue of delayed compliance. The court here is not dealing with delayed compliance; it is dealing with noncompliance. Furthermore, it is unclear whether the prejudice analysis contained in Aetna Casualty Surety Co. v. Murphy, supra, 206 Conn. 417-18, developed in the context of untimely notice of loss, would also apply in the context of other breaches of policy provisions, such as the untimely submission of a sworn proof of loss. See Brown v. Employer's Reinsurance Corp. ,206 Conn. 668, 675 n. 7, 539 A.2d 138 (1988) (declining to address whether prejudice analysis applies in context of breach of cooperation provisions). The appellate court has not squarely addressed the issue outside the context of notice of occurrence provisions although insureds have often raised it. See, e.g.,Stevens v. Aetna Life Casualty Co., 233 Conn. 460, 464 n. 5,659 A.2d 707 (1995); Serrano v. Aetna Ins. Co., 233 Conn. 437, 444
n. 9. 664 A.2d 279 (1995).
Even if the prejudice analysis were applicable in the present context, however, the plaintiffs claim still fails. Prejudice to the insurer is presumed, and "although . . . the existence or nonexistence of prejudice from delayed notice should be determined on a factual basis, the burden of establishing lack of prejudice must be borne by the insured." Aetna Casualty Surety Co. v.Murphy, supra. 206 Conn. 419; see also Hotkowski v. Aetna Life Casualty Co., 224 Conn. 145, 148-49, 617 A.2d 451 (1992). Where "the insured has . . . failed to sustain his burden of making the requisite factual showing regarding absence of prejudice to the insurer, this contention is not a viable response to the motion for summary judgment." Hotkowski v. Aetna Life CasualtyCo., supra, 149; see also Aetna Casualty Surety Co. v. Murphy, supra, 206 Conn. 420-21 (granting of insurer's motion for summary judgment affirmed where insured's affidavit opposing summary judgment contained no factual basis for claim that insurer had not been materially prejudiced).
The plaintiffs affidavit contains no assertions regarding lack of prejudice and otherwise fails to contain any factual basis whatsoever for such a claim. Moreover, although the plaintiff has pleaded that "[t]he defendant . . . has not been prejudiced by the Plaintiffs delaying in filing a proof of loss"; (Amended Complaint, ¶ 7); a party seeking to resist summary judgment may not rely on underlying pleadings containing only general assertions; see Citizens National Bank v. Hubney, 182 Conn. 310,312, 438 A.2d 430 (1980); but "must provide an evidentiary CT Page 3663 foundation to demonstrate the existence of a genuine issue of material fact"; (internal quotation marks omitted) Dowling v.Finley Associates, Inc., supra, 248 Conn. 370. The plaintiff's conclusory statement in the amended complaint does not constitute evidence sufficient to establish disputed material facts regarding lack of prejudice. See Gupta v. New Britain GeneralHospital, 239 Conn. 574, 583, 687 A.2d 111 (1996). The plaintiff therefore fails to provide a factual basis for a claim of lack of prejudice.
Although neither party brought it to the court's attention, there is an established body of case law in this jurisdiction as well as others specifically dealing with the issue of compliance with proof of loss policy provisions, with the leading case in Connecticut being Elberton Cotton Mills, Inc. v. Indemnity Ins.Co., 108 Conn. 707, 145 A. 33 (1929). The insured in that case submitted a proof of loss nine months after notice of loss, and the insurer claimed forfeiture on the ground that the policy required proof of loss within ninety days after notice. The court, relying on the great preponderance of authority as disclosed in the exhaustive discussions contained in Hirsch-FauthFurniture Co. v. Continental Ins. Co., 24 F.2d 216 (S.D. Fla. 1928), and Clark v. London Assurance Corp. , 44 Nev. 359,195 P. 809 (1921), held that "if the furnishing of proof of loss within a stipulated time is made a condition precedent to liability on the part of the insurer, or if a forfeiture is provided for failure to file within that time, those provisions will ordinarily be given effect, but where the rendering of such proof within the specified time is not expressly made a condition precedent to liability, and no forfeiture is provided for on account of delay . . . such delay merely postpones the time ofpayment and for bringing suit, and if proof of loss is subsequentlygiven the insured may recover on his policy notwithstanding hisdelay, provided the time otherwise limited for bringing suit hasnot expired." (Emphasis added.) Id., 712-13; see also Johnson v.Seaco Ins. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 52058 (March 18, 1997,Thompson, J.) (19 Conn.L.Rptr. 288, 289) (ruling that issue of delay in rendering proof of loss is controlled by holding inElberton Cotton Mills, Inc. v. Indemnity Ins. Co., supra,108 Conn. 707). The above principles continue to be expressed in the great weight of authority as indicated recently in a leading insurance treatise: "[W]here a policy requires proofs of loss to be furnished within a certain time after loss has occurred, but does not specify forfeiture for failure to furnish them within the CT Page 3664 prescribed time . . . the insured may maintain an action even though he or she does not furnish proofs within the designated time, provided he or she does furnish them." (Emphasis added.) 13 G. Couch, Insurance (3d Ed. 1999) § 193:20, p. 193-31.
What the above authority makes clear is that, although a delay in submitting the required proof of loss, absent an express contractual provision to the contrary, does not automatically result in forfeiture, the obligation of the insured to furnish such proof is not dispensed with — the insured ultimately must provide a sworn proof of loss in order to recover, and do so within the time limitation designated in the policy for bringing suit.[2] It is clear that the policy in the present case does not expressly make submission of a sworn proof of loss within sixty days a condition precedent to liability nor call for forfeiture in the event of delay. The policy does, however, provide: "We will pay for covered loss or damage within 30 days after wereceive the sworn proof of loss. . . ." (Emphasis added.) "By virtue of that agreement, a default by the insured [by failing to submit a proof of loss] will prevent the loss from becomingpayable, and so it may be said that compliance with the requirements referred to is a condition precedent to the right topayment and, therefore, to an enforceable liability to pay." (Emphasis added.) Finch v. Great American Ins. Co., 101 Conn. 332,339, 125 A. 628 (1924).
The court therefore concludes that at the very least the plaintiffs failure to submit a sworn proof of loss has prevented the loss from becoming payable, "payment being necessarily deferred until the amount of the loss is ascertained"; id., 338; thus postponing the insurer's time to pay and, consequently, the time for bringing suit.[3] This ruling is reflective of the purposes of proofs of loss: "[P]roofs of loss serve two main purposes; they afford the basis for determining the amount of the loss recoverable under the policy, and they fix a time when such amount becomes payable. . . . A plaintiff could hardly establish the basis for a judgment unless he proved that he had made such proofs or showed facts having an equivalent effect in the law." (Citation omitted.) Harty v. Eagle Indemnity Co., 108 Conn. 563,566-67, 143 A. 847 (1928). Since the loss never became payable, the defendant has not breached any obligation to pay under the policy.
In addition to the foregoing, the court finds that the defendant's additional claim of the plaintiffs failure to CT Page 3665 cooperate is another basis upon which to dispose of the present motion for summary judgment. As such, the court now turns to this issue.
 III Failure to Cooperate
The defendant additionally moves for summary judgment on the ground that the plaintiffs action is barred because the plaintiff has failed to respond in whole or in part to the defendant's requests for documents in compliance with the policy provisions requiring cooperation.[4] The plaintiff argues, and he has attested, that the majority of his financial and business records were destroyed in the fire and that all available documents and information not destroyed in the fire have been forwarded to the defendant. He therefore argues that sufficient genuine issues of material fact exist regarding his level of cooperation, precluding summary judgment.
The following facts are undisputed. After the plaintiff gave due notice of the fire, the defendant shortly thereafter sent investigators to examine the scene. The investigators determined that the fire was incendiary in nature, that is, intentionally set. In an effort to ascertain not only the amount of the plaintiffs claimed loss but also whether the plaintiff had any motive to intentionally set the fire or cause it to be set, the defendant, in addition to taking the plaintiffs examination under oath on November 14, 1995, requested information pertaining to the plaintiffs financial, business and tax records. Specifically, the defendant requested (1) documents indicating the plaintiffs or any other person's interest in the insured property, including deeds, mortgages, liens, pledges, leases and the like; (2) all bids, estimates or contracts for any repair to or replacement of property damaged in the fire; (3) any appraisals of the insured property or the plaintiffs business; (4) documents related to the plaintiffs business including sales records, expense records, supplier lists, ledgers, profit/loss statements and the like; (5) any notices or documents from state, municipal or other agencies including tax, environmental or other regulatory authorities relating to the property; (6) all utility bills pertaining to service at the property; (7) for 1992 through 1994, all of the plaintiffs state sales and use tax returns as well as state and federal personal and business income tax returns and/or signed authorizations to obtain the same; (8) all bank statements from CT Page 3666 January 1, 1995, through the present, checking and savings account records and/or signed authorizations to obtain the same; (9) a copy of the canceled check for payment made for dry cleaning supplies within a few days of the fire; and (10) copies of canceled checks for payments made to employees.
The defendant's affidavit and documentary evidence show that the above information was requested by letter dated September 27, 1995, again during the plaintiffs examination under oath on November 14, 1995, again by letter dated December 4, 1995, again by letter dated January 10, 1996, and again by letter dated May 30, 1997. The defendant's affidavit and documentary evidence also show that as to items one, three, four, five, six and nine, the plaintiff has failed to provide the defendant with any information responsive to these requests. As for the remaining items, the defendant's affidavit and documentary evidence show that the plaintiff has provided incomplete information with regard to those requests. For example, the affiant attests that the plaintiff has failed to provide his state sales and use tax returns, his 1994 state personal income tax return, his state and federal business income tax returns and banking records for certain time periods.
The plaintiffs sole evidentiary submission in opposition to the motion for summary judgment, his affidavit, contains nine numbered paragraphs, the first seven of which merely set forth requisite preliminaries and background information, none of which is disputed or material. In the last two paragraphs, the plaintiff attests: "The majority of my financial and business records were destroyed in the fire and I have been attempting to reconstruct them. Those documents and information I have been able to obtain have been forwarded to the Travelers Indemnity Company"; (Affidavit of John H. McCarthy, January 28, 1998 [McCarthy Affidavit], ¶ 8); and "[o]nce I am in possession of the necessary information. I will immediately submit a sworn, accurate proof of loss"; (McCarthy Affidavit, ¶ 9).
For several reasons, the court finds the plaintiffs affidavit insufficient to dispute the defendant's evidence and thus insufficient to raise a genuine issue of material fact regarding his failure to cooperate in producing requested information. The affidavit, dated January 28, 1998, merely appears to be a photocopy of the affidavit that the plaintiff attempted to submit in connection with his objection to the defendant's motion to strike brought nearly two years prior to the present motion.[5]
CT Page 3667 (See Defendant's Exhibit C.) Any information attested to therein, therefore, strikes the court as stale, and a new affidavit with current information responsive to the present motion should have been provided.
More importantly, however, is the fact that, even if this affidavit is considered as an affidavit in opposition to the summary judgment motion, it is conspicuously devoid of evidentiary matter specifically contesting the considerable factual proof offered by the defendant. It is well established that "[i]n order to successfully oppose a motion for summary judgment, the opposing party must recite facts . . . which contradict those offered by the moving party." (Internal quotation marks omitted.) Citizens National Bank v. Hubney, supra, 182 Conn. 312. Moreover, "[a]n adverse party, by affidavit or as otherwise provided by [Practice Book §17-45], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, summary judgment shall be entered against him." (Emphasis in original; internal quotation marks omitted.) Connecticut Housing FinanceAuthority v. John Fitch Court Associates Ltd. Partnership,49 Conn. App. 142, 148-49, 713 A.2d 900, cert. denied,247 Conn. 908, 719 A.2d 901 (1998).
The defendant has submitted a detailed affidavit along with numerous exhibits setting forth specific facts documenting the plaintiffs noncompliance or incomplete compliance with requests for information, yet the plaintiffs affidavit utterly fails to respond specifically to any of them. The plaintiffs general, self-serving attestations that he is "attempting to reconstruct" his financial and business records and his promise that once he does so he "will immediately submit a sworn, accurate proof of loss" are simply the same assurances and promises that he has been making repeatedly for the past several years. "The insured, to recover, must show at least a reasonable effort to comply with the request made by the [insurer] . . ." (Internal quotation marks omitted.) Bergen v. The Standard Fire Ins. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 44099 (December 31, 1997, Corradino, J.) (21 Conn.L.Rptr. 154, 160). The plaintiff fails to produce any evidence that shows what specific attempts he has made or is making to reconstruct his records or that he has made a good faith effort to do so at all. He fails to produce any evidence showing that he has forwarded anything in response to the defendant's May 30, 1997 correspondence regarding his noncompliance or incomplete CT Page 3668 compliance with requests for information.
Instead, the plaintiff merely asserts in a rather nonspecific and conclusory fashion that he has cooperated with the defendant by giving the insurer all possible documents and information which were available and not destroyed in the fire. "Where such books of account and documents have been destroyed by the fire which burden the insured property, the right to recovery would generally not be lost." (Internal quotation marks omitted.)Bergen v. The Standard Fire Ins. Co., supra,20 Conn.L.Rptr. 160. The court believes no doubt that many records and documents were lost in the fire, as the plaintiff has attested. This excuse, however, does not explain the plaintiffs failure to cooperate in obtaining records and documents that are available from other sources. For example, the plaintiff provides no explanation for his failure to produce the documents promised during his examination under oath, such as canceled checks and information documenting his interest in the property, documents which could not have been lost in the fire, the former being written subsequent to the fire and the latter admittedly in the possession of his former attorney. (See Penn Affidavit, Exhibit 2.) At oral argument, the plaintiffs counsel refused to give a straight answer regarding why the requested tax records were not obtained from the respective state and federal departments of revenue. Finally, the plaintiff fails to provide any explanation for not providing signed authorizations to obtain financial and tax information.
The court therefore concludes that there are no disputed issues of material fact regarding the plaintiffs systematic and unexcused failure to cooperate with the defendant's requests for financial, business and tax information. The remaining question, then, is whether the defendant is entitled to judgment as a matter of law.
"Arson is a difficult crime to prove. It can only be established by circumstantial evidence and by inquiries into motive." Bergen v. The Standard Fire Ins. Co., supra,21 Conn. L. Rptr. 159. "The purpose of [a cooperation clause] is to enable the insurer to obtain all knowledge and facts concerning the cause of the fire and the loss involved while the information is fresh in order to protect itself from fraudulent and false claims." (Internal quotation marks omitted.) Priority FinishingCorp. v. Hartford Steam Boiler Inspection and Ins. Co., Superior Court, judicial district of Hartford at Hartford, Docket No. CT Page 3669 544055 (October 6, 1998, Satter, J.) (23 Conn.L.Rptr. 115, 124.) "[A]bsent estoppel, waiver or other excuse, the substantial or material breach of the cooperation provisions of the insurance policy by an insured puts an end to the insurer's obligation."Brown v. Employer's Reinsurance Corp. , supra, 206 Conn. 675; see also O'Leary v. Lumbermen's Mutual Casualty Co., 178 Conn. 32, 38,420 A.2d 888 (1979); Arton v. Liberty Mutual Ins. Co.,163 Conn. 127, 133, 302 A.2d 284 (1972). "The lack of cooperation, however, must be substantial or material." O'Leary v. Lumbermen's MutualCasualty Co., supra, 38; see also Arton v. Liberty Mutual Ins.Co., supra, 133.
The courts first determine if the document request is material, that is, reasonable given the circumstances of the loss. Bergenv. The Standard Fire Ins. Co., supra, 21 Conn.L.Rptr. 159. The generally recognized rule is that an insurer is entitled to require of the insured sufficient records to substantiate the validity of the loss. Priority Finishing Corp. v. Hartford SteamBoiler Inspection and Ins. Co., supra, 23 Conn.L.Rptr. 125. Not all documents an insured may have in his or her possession are necessarily material and relevant to the proper scope of the insurer's inquiry after a loss — only those that are or should be required to be delivered under the terms of the policy. If they are not, recovery should not be allowed under the terms of a policy like this. Bergen v. The Standard Fire Ins. Co., supra, 159.
Financial records of the insured are, as the cases say, `patently' relevant to the insurance company's rightful scope of investigation. Bergen v. The Standard Fire Ins. Co., supra,21 Conn.L.Rptr. 159. For example, "[r]equests for income records are certainly material inquiries . . . and if that is so, demands for bank statements and information about various bank accounts would also seem to be so." The production of documents material to the rightful request of the insurer investigating an incendiary fire would then appear to be a condition precedent to recovery under a fire insurance policy. Id., 160. Courts have found a material breach by the insured in failing to produce documents without explanation or excuse. Id.
The uncontested evidence of the defendant shows that the plaintiff has failed to comply with the defendant's requests for available tax, banking and other financial information. As it has been held, such information is certainly material, and the court further notes that the plaintiff makes no claim of immateriality CT Page 3670 or unreasonableness. Moreover, the plaintiff fails to provide any explanation for his failure to produce this material information. "If the affidavits and the other supporting documents [of the nonmovant] are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof" (Internal quotation marks omitted.) 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 569, 636 A.2d 1377 (1994). Accordingly, the defendant is entitled to summary judgment.
 IV Bad Faith
The second count of the plaintiffs amended complaint sets forth a claim for breach of the implied covenant of good faith and fair dealing. The plaintiff alleges that the defendant has acted in bad faith in that it failed to make payment pursuant to the policy and to effectuate a prompt, fair and equitable settlement of the plaintiffs claim when liability has become reasonably clear. (Count two, ¶ 13.) The defendant argues that the plaintiffs failure to submit a sworn proof of loss and provide requested documentation hindered its ability to evaluate and promptly process the plaintiffs claim, and, therefore, it cannot be held to have acted in bad faith in failing to make payment. See Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 189-91,540 A.2d 693 (1988).
The Verrastro Court further stated:
 "An implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts. . . ." (Citations omitted; internal quotation marks omitted.) Buckman v. People Express, Inc., 205 Conn. 166, 170-71, 530 A.2d 596 (1987). "[B]ad faith is defined as . . . generally implying a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties. . . . [B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.) Id., 171.
CT Page 3671 "Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." (Internal quotation marks omitted.) L. F.Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30,46, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886
(1986).
At oral argument, the defendant advanced the position that if it was entitled to summary judgment as to the breach of contract claim, it necessarily was entitled to summary judgment on the bad faith claim. This argument is based on the rationale that if the insurer is found to have no obligation to pay under the policy, its refusal to do so cannot provide the basis for a claim of bad faith. Several trial court opinions seem to be in accord with the defendant's position. See, e.g., Bergen v. The Standard Fire Ins.Co., supra, 21 Conn.L.Rptr. 163 ("The plaintiff has to show that it is entitled to recover under the policy before the insurer can be shown to have acted in bad faith."); PatronsMutual Ins. Co. v. Maguire, Superior Court, judicial district of New Haven, Docket No. 374329 (March 26, 1997, McMahon, J.) (19 Conn.L.Rptr. 133, 136) (where it is determined that insurer was not obligated to indemnify or defend, insurer could not have breached duty of good faith); Vincenzi v. Nationwide Mutual Ins.Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 337630 (February 6, 1997, Skolnick, J.) (where insurer found to have no obligation to pay, bad faith claim based upon refusal to pay fails as well); Sponzo v.Hartford Underwriters Ins. Group, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 543134 (March 15, 1996, Aurigemma, J.) ("Failure to pay a claim which it was not obligated to pay under the terms of the policy is clearly not bad faith.").
Regardless, it is clear that the mere failure of an insurance company to pay a questionable claim is not enough to establish an action under a theory of bad faith. In order to establish bad faith there must be evidence that the [insurer] acted with a dishonest purpose, moral obliquity, furtive design or ill will.Buckman v. People's Express, Inc., [supra, 205 Conn. 171.] (Emphasis added.) Sponzo v. Hartford Underwriters Ins. Group, supra. Superior Court, Docket No. 543134. Where the [plaintiff has] not come forth with any evidence from which it could be inferred that the defendant failed to act in good faith and fairly in handling the claims of an insured, [the] defendant's motion for summary judgment should be granted. Corriveau v. AetnaCT Page 3672Casualty Surety Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 388036 (March 15, 1996, Sheldon, J.).
The plaintiffs affidavit is utterly devoid of any mention of bad faith. No other evidence of bad faith has been presented. Thus, in the absence of any evidence whatsoever that the defendant acted with a dishonest purpose, moral obliquity, furtive design or ill will, the plaintiff has failed to meet his burden of coming forth with evidence sufficient to establish a disputed factual issue regarding bad faith on the part of the defendant. See Corriveau v. Aetna Casualty Surety Co., supra, Superior Court, Docket No. 388036. The defendant is therefore entitled to summary judgment as to the claim of bad faith.
 CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment is hereby granted as to both counts of the amended complaint.
MELVILLE, J.