Argued February 6, affirmed April 26, 1973

SUTTON, *Appellant and Cross-Respondent, v.*
FIRE INSURANCE EXCHANGE,
*Respondent and Cross-Appellant.*

509 P2d 418

*Gary D. Rossi,* Coos Bay, argued the cause for appellant. With him on the briefs were McInturff, Thom, Collver & Rossi, Coos Bay.

*Paul D. Clayton,* Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards & Frazer, Eugene.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

Plaintiff brought this action to recover for a burglary loss allegedly covered by a policy issued by the defendant insurer to the plaintiff. The insurer in its answer tendered $2,307.50 in full satisfaction and deposited such sum with the clerk. The jury returned a verdict for plaintiff for $3,037. However, the trial court set the verdict aside and entered judgment for the insurer on the ground that there was no evidence that plaintiff had filed a proof of loss. Plaintiff appeals.

The plaintiff suffered burglary losses on April 8 and April 15. He reported each loss to the insurer the day after it occurred. Lists of the property stolen, which may or may not have been signed, were furnished by plaintiff to the insurance agent. At the request of the insurer's adjuster plaintiff dictated to the adjuster a list of items taken, their estimated value, the circumstances of the losses and details relating to the value of an antique "Kentucky rifle." The adjuster compiled as much of this material as he desired into a form. The plaintiff was not asked to and did not sign the form.

By July plaintiff and the adjuster had agreed upon the value of all the items stolen except the rifle. They continued to disagree on the rifle and plaintiff filed the complaint in this litigation in December 1971.

· · The policy required the filing of a proof of loss.[1] The policy also contained a provision that no action on the policy could be sustained "unless all the requirements of this policy shall have been complied with * * * ."[2]

Plaintiff contends that he substantially complied with the proof of loss requirement and that is sufficient. The trial court instructed the jury that plaintiff

---

[1] "The insured shall give immediate written notice to this Company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed; and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property; the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupation, location, possession or exposure of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of loss and whether or not it then stood on leased ground, and shall furnish a copy of all the descriptions and schedules in all policies and, if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged. The insured, as often as may be reasonably required, shall exhibit to any person designated by this Company all that remains of any property herein described, and submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made."

[2] The parties assume the proof of loss and this clause are required by ORS 743.645 and 743.660. Because they so assumed we need not decide whether this is correct. Those statutes are applicable to "fire insurance policies" and this portion of the policy insures against loss by burglary. ORS 743.603 et seq.

could recover if he substantially complied with the proof of loss requirement. In granting the motion for judgment notwithstanding the verdict, however, the trial court wrote that it was of the opinion that there was insufficient evidence of substantial compliance to make a jury issue.

■ Substantial, as distinguished from strict, compliance of the proof of loss requirement is all that is required. 14 Couch, Cyclopedia of Insurance Law (2d ed) § 49:390; 3 Richards, Insurance § 547 (5th ed 1952); Vance, Insurance, 897-898 (3d ed 1951).

■ The test of whether the insured substantially complied with the proof of loss requirement should be whether the proof submitted by the insured fulfilled the purpose of the proof of loss:

> "The purpose of a provision for proof of loss is to afford the insurer an adequate opportunity for investigation, to prevent fraud and imposition upon it, and to enable it to form an intelligent estimate of its rights and liabilities before it is obliged to pay. Its object is to furnish the insurer with the particulars of the loss and all data necessary to determine its liability and the amount thereof." 14 Couch, supra, § 49:373, p 15.

■ Proof of loss is distinguishable from "notice of loss" which is also required by the policy. The sole purpose of notice of loss is "to enable the insurer to take proper action to protect its interests." 5A Appleman, Insurance Law and Practice § 3481, 428 (Rev 1970).[9]

■ In the present case the insured furnished all that

---

[9] Farmers Insurance Exch. v. Colton, 264 Or 210, 220, 504 P2d 1041 (1972), held "defendant was excused from strict compliance with the notice requirements of ORS 743.792 (2) (g) (C)."

the policy required except that the insured did not affix his signature under oath to the information furnished. With such evidence the jury could find that the insured substantially complied.

The following two decisions illustrate what has been held to be substantial compliance. In *Truck Insurance Exchange v. Hale*, 95 Ariz 76, 83, 386 P2d 846 (1963), the court held the following evidence amounted to substantial compliance with the proof of loss requirement:

"A few days after the fire an adjuster for the company interrogated the plaintiff as to the fire and tape recorded the conversation. Within the sixty day period the plaintiff signed a written statement as to the fire prepared by a fire marshal hired by the company to investigate. The statement was taken from plaintiff before a secretary who took it down in shorthand and transcribed it. The statement was then signed by the plaintiff and was delivered to the company. * * *."

In *Austin Building Co. v. National Union Fire Ins. Co.*, 403 SW2d 499, 506 (Tex Civ App 1966), the court stated:

"Austin's failure to furnish a sworn proof is not fatal to Austin's recovery. The proof of claim was referred by The Meade Company to Jessup, the adjuster. The latter not only confirmed the inventory but actually called Austin's attention to two items which had been overlooked. Later he sold some of the tools as salvage and tendered Austin the $125 received from the salvage sale. There was a substantial compliance with the policy provision as to proof of loss and at no time was there a complaint that the proof of claim was unsworn. * * *."

Reversed with instructions to reinstate the judgment.