NORTH AMERICAN LIFE AND CASUALTY COM-- PANY, Appellant, *v.* DeANNE GINGRICH, Respondent.

No. 7718

July 23, 1975                              538 P.2d 163

*Rose, Norwood, Edwards & Hunt, Ltd.,* and *Niels L. Pearson, Esq.,* Las Vegas, for Appellant.

*Edward Weinstein, Esq.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Insurance policies must be strictly construed against the insurer and in favor of the assured. Home Indem. Co. v. Desert Palace, Inc., 86 Nev. 234, 468 P.2d 19 (1970); Intercoast Mutual v. Andersen, 75 Nev. 457, 345 P.2d 762 (1959).

In the instant case, the district court determined that the life policy in question had not been effectively surrendered at the time of the insured's death, and that it therefore was in full force and effect. This determination comported with the policy's language, strictly construed, and was consistent with the way appellant's agents construed the policy, before it became expedient to urge the courts to do otherwise.[1]

Accordingly, we find no error in the district court's determination that there remained no genuine issue of material fact, and that respondent was entitled to judgment as a matter of law. NRCP 56; Moen v. Las Vegas Int'l Hotel, Inc., 90 Nev. 176, 521 P.2d 370 (1974); City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970).

Affirmed.

---

[1]The policy contained the following provision: "Payments By The Company. All benefits under this Policy are payable at the Home Office in Minneapolis, Minnesota. At the time of such payment the Company may require the surrender of this Policy."

When the insured indicated a desire to surrender his policy, appellant demanded its physical return, and a witnessed, fully completed surrender form. The deceased never complied with appellant's demands, nor did appellant retreat from such demands, prior to his death.