WILLIAM E. CLARK, APPELLANT, *v.* TRUCK INSURANCE EXCHANGE, RESPONDENT.

No. 9885

August 16, 1979                                   598 P.2d 628

*Crockett & Rickdall,* Las Vegas, for Appellant.

*Thorndal & Liles, Ltd.,* and *George R. Lyles,* Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant brought suit against respondent seeking to recover money allegedly due pursuant to an insurance policy issued to the appellant by the respondent. Respondent moved for summary judgment contending that the suit was barred by a clause in the policy which required that suit be brought within 12 months after the "inception of the loss".[1] The district court agreed and granted the motion. On appeal appellant contends that it was error to grant the summary judgment because the limitation period did not begin to run until the respondent formally denied liability and there was no evidence that such denial had ever occurred. We agree.

The fire which gave rise to this litigation occurred on October 16, 1973. Appellant immediately notified respondent of the incident and, at some later date which is unspecified in the record, filed a proof of loss form. According to appellant's affidavit in opposition to the motion for summary judgment, appellant attempted to negotiate a settlement up until November 20, 1975, when suit was commenced.

While the twelve-month limitation period may represent a reasonable balance between the insurer's interest in prompt commencement of action and the insured's need for adequate time to bring suit, the insured in reality does not have the full twelve months in which to commence the action because of substantial delays built into the insurance policy. Tom Thomas Organization v. Reliance Ins. Co., 242 N.W.2d 396 (Mich. 1976). Here the insured must first give written notice of the loss to the insurer. The insured then has 90 days to file a proof of loss claim; however, the insurer may grant extensions of time beyond the ninety days. After the proof of loss form has been filed the claim becomes payable in sixty days *if* the parties have agreed to a settlement or the insured has obtained an award of judgment.

---

[1] The clause reads:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

When a clause in an insurance policy is ambiguous this court will interpret the language in the favor of the insured. North American Life & Casualty Co. v. Gingrich, 91 Nev. 491, 538 P.2d 163 (1975). *Cf.* Continental Casualty Co. v. Summerfield, 87 Nev. 127, 131, 482 P.2d 308, 310 (1971); Home Indemnity Co. v. Desert Palace, Inc., 86 Nev. 234, 236, 468 P.2d 19, 21 (1970). If the limitation period is construed to commence to run from the date of the fire, then the entire period could, as here, be consumed by the built-in delays of the policy and by the time in which the parties attempt to negotiate the claim.[2] It would not be reasonable for the insured to anticipate such construction. The limitation clause in the policy is ambiguous and is construed against the insurer. United Services Auto. Ass'n v. Dokter, 86 Nev. 917, 920, 478 P.2d 583, 585 (1970). We construe the clause to allow the period of limitations to run from the date of the casualty, but the period will be tolled from the time appellant gave notice of the loss until respondent formally denies liability.[3] Tom Thomas Organization v. Reliance Ins. Co., *supra;* Peloso v. Hartford Fire Ins. Co., 267 A.2d 498 (N.J. 1970). *Cf.* Fireman's Fund Ins. Co. v. Sand Lake

---

[2]The statutory limitation on an action upon a contract, obligation or liability founded upon an instrument in writing is six years. NRS 11.190(1)(b).

[3]In so holding we recognize the split among jurisdictions concerning this issue. Many states, relying principally on statutory language which is by law incorporated into the insurance policy, hold that the limitation period begins from the date of the casualty. *E.g.,* Adams v. Northern Ins. Co. of N.Y., 493 P.2d 504 (Ariz.App. 1972); Olson Enterprises, Inc. v. Citizens Ins. Co. of N.J., 121 N.W.2d 510 (Iowa 1963); P.O.P. Constr. Co. v. State Farm Fire & Cas. Co., 328 So.2d 105 (La. 1976); Proc v. Home Ins. Co., 270 N.Y.S.2d 412 (N.Y. 1966); Bell v. Quaker City Fire & Marine Ins. Co., 370 P.2d 219 (Ore. 1962); United States Nat'l Bank of Ore. v. America Home Assurance Co., 443 F.2d 844 (9th Cir. 1971) (applying Oregon law); and Ramsey v. Home Ins. Co., 125 S.E.2d 201 (Va. 1962). *Cf.* Stansbury v. Smith, 424 S.W.2d 571 (Ky. 1968). Since Nevada does not have a statute which controls this issue, we are not bound by the rules of statutory construction. *Compare* P.O.P. Constr. Co. v. State Farm Fire & Cas. Co., *supra.*

For cases applying the rule adopted by us today, but to different factual situations, *see* Richards v. Am. Fellowship Mut. Ins. Co., 270 N.W.2d 670 (Mich.App. 1978); Nat'l Newark & Essex Bank v. Am. Ins. Co., 385 A.2d 1216 (N.J. 1978); and Tell v. Cambridge Mut. Fire Ins. Co., 375 A.2d 315 (N.J. Super. 1977).

For other cases dealing with a somewhat similar issue, and reaching varied results, *see* Westchester Fire Ins. Co. v. Sperling, 421 F.2d 141 (9th Cir. 1970); Sager Glove Corp. v. Aetna Ins. Co., 317 F.2d 439 (7th Cir. 1963), *cert. denied* 375 U.S. 921 (1963); Zurn Engineers v. Eagle Star Ins. Co., 132 Cal.Rptr. 206 (Cal.App. 1976); Lardas v. Underwriters Ins. Co., 231 A.2d 740 (Pa. 1967); and Shamrock Homebuilders, Inc. v. Cherokee Ins. Co., 466 S.W.2d 204 (Tenn. 1971).

Lounge, Inc., 514 P.2d 223 (Alas. 1973). This construction preserves the literal language of the limitation provision by providing that the insured will have only 12 months to institute suit, but does not penalize the insured for the time consumed by the insurer while it pursues contractual rights to receive a proof of loss or negotiates payment with the insured. Tom Thomas Organization v. Reliance Ins. Co., *supra;* Peloso v. Hartford Fire Ins. Co., *supra.*

Since the appellant immediately notified his insurer of the casualty the limitation period was tolled until such time as respondent formally denied its liability. There being no evidence of such a formal denial, the district court erred in granting the summary judgment.

Reversed and remanded for further proceedings.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.