**DIXIE WAREHOUSE, Plaintiff,**

v.

**FEDERAL EMERGENCY MANAGEMENT AGENCY, Defendant.**

**No. C–81–153–WS.**

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

Aug. 20, 1982.

W. Thomas White of Bell & White, Mount Airy, N. C., for plaintiff.

Kenneth W. McAllister, U. S. Atty., Greensboro, N. C. and Susan Kantor Bank, Federal Emergency Management Agency, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

WARD, Chief Judge.

This matter is before the Court on the defendant's Motion for Summary Judgment (April 20, 1982). Plaintiff seeks recovery on an insurance contract for damage to property insured by the defendant. Defendant seeks dismissal of the action on the ground that plaintiff failed to give a proof of loss, which allegedly was a condition precedent to defendant's liability under the insurance policy. The Court cannot conclude as a matter of law that defendant is entitled to judgment in its favor and therefore will deny the motion.

The plaintiff, Dixie Warehouse, is a partnership owning and operating a tobacco warehouse at 1230 Worth Street, Mount Airy, North Carolina. (Hereafter plaintiff and plaintiff's agents and officers will be referred to as Dixie). Pursuant to a program presently administered by the defendant, Federal Emergency Management Agency (FEMA), Dixie purchased flood insurance for the warehouse on June 11, 1975. Dixie renewed the policy every year thereafter, and the policy was in effect on April 8, 1980, when a flood allegedly damaged the warehouse. Complaint (April 9, 1981); Defendant's Memorandum (April 20, 1982); Stipulation of Parties (May 14, 1982).

The next day Dixie notified Allied Insurance Agency, the company which issued the policy, of the loss. Affidavit of Nancy Godfrey attached to Plaintiff's Memorandum (May 24, 1982). Allied forwarded a written notice of loss to Gay and Taylor, a private sector adjuster employed by the government to adjust the claims arising out of the April 8th flood. Gay and Taylor received the notice on April 10th. The notice included information revealing the occurrence of the flood, the date, a description of the property, a description and estimate of damages, and the identity of the property's mortgagee. Stipulation of the Parties and attached Notice of Loss.

Shortly thereafter Dixie contacted the original building contractor, H. S. Williams Co., and procured a written survey of damage and itemized estimate of repairs dated April 23, 1980. Affidavit of Harold Y. Hodges, Sr. attached to Plaintiff's Memorandum. In April, 1980, the same month as the flood, Dixie hand delivered the estimate to an employee of Gay and Taylor, the defendant's adjuster, who remarked that the estimate was "too high." Affidavit of Harold Y. Hodges, Jr. and Estimate of Repairs attached to Plaintiff's Memorandum.

At no time during the 60 day period after the flood did defendant provide Dixie a blank proof of loss form. In December, about eight months after the flood, the defendant did supply a blank form which Dixie completed and returned. Affidavit of Harold Y. Hodges, Sr.; Stipulation of the Parties; Defendant's Memorandum.

The insurance policy at issue here required the insured to notify the insurer as soon as practicable that a loss had occurred. Paragraph O of the General Property Policy attached to Defendant's Amended Memorandum (May 14, 1982) (hereinafter ¶ __). Within 60 days after the loss, an insured is required to render to the insurer proof of loss, signed and sworn to by the insured stating the insured's knowledge and belief as to:

> time and origin of loss, the interest of the Insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of loss.

¶ O. Submission of proof of loss cannot be waived except through the issuance of an amendatory endorsement approved by the director of FEMA. ¶ D; 44 C.F.R. § 61.-13(d) (1980). Performance of each term of the policy is a condition precedent to bringing suit on the policy. ¶ T.

Paragraph J of the policy provides that where a statute of the state wherein the property is located conflicts with a term of the policy the statute shall control unless the statute in turn conflicts with federal law or regulation. The state of North Carolina, wherein Dixie Warehouse was located, has a statute governing proof of loss requirements. North Carolina General Statute § 58–31.1 provides that where proof of loss is required after notice of loss, the insurer must supply the insured with a proof of loss form within 15 days after receipt of notice. If the form is not supplied, the insured is deemed to have complied with the proof of loss requirement if the insured provides the insurer with written proof of the occurrence, character, and extent of loss within the specified policy period.

North Carolina General Statute 58–31.1 applies to measure the sufficiency of the proof of loss in this case. To determine if state statutory law where the property is located should apply to federal flood insurance issues, three factors must be considered: (1) the terms of the policy; (2) applicable state statutory law; and (3) applicable federal statutory or decisional law. Where no term in the policy addresses an issue in dispute, federal law is applied. *West v. Harris,* 573 F.2d 873 (5th Cir. 1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979).[1] If no decisional or statutory federal law exists the federal courts may apply the traditional common law technique of decision by drawing upon standard insurance law principles. *West v. Harris,* 573 F.2d 873; *Drewett v. Aetna Casualty & Surety Co.,* 539 F.2d 496 (5th Cir. 1976); *Gulf Coast Investment Corp. v. Secretary of HUD,* 509 F.Supp. 1321 (E.D. La.1980). The policy itself provides at paragraph J that a statute of the state

---

1. Even when the court's jurisdiction is evoked under diversity principles and the choice of forum state or federal law would yield different results, federal law applies. *West v. Harris,* 573 F.2d 873 (5th Cir. 1978).

wherein the property is located which conflicts with the policy provision and does not conflict with federal law controls the terms of the policy. Thus, the courts may apply state statutory law in appropriate circumstances by virtue of paragraph J but never merely because it is the law of the forum. *See West v. Harris*, 573 F.2d 873, 880–881.

Such circumstances present themselves here. Section 58–31.1 conflicts with paragraph O of the policy. The policy requires that specific information on a signed, sworn statement be supplied to the insurer. This requirement includes the name of the mortgagee and all others with an interest in the property, occupancy, possession, and outstanding insurance. In contrast, the state statute places the burden upon the insurer to provide the proof of loss form to the insured. If the insurer fails to do so, the insured need only provide written proof of the occurrence, character and extent of loss. Since the statute conflicts with the policy, the statute controls unless it conflicts with federal law.

■ Federal authority most closely addressing the issue of sufficiency of proof of loss under a federal insurance program does not conflict with the state statute. In *Roberts v. Federal Crop Insurance Corp.*, 158 F.Supp. 688, 694 (E.D.Wash.), *aff'd*, 260 F.2d 958 (1958), the court stated that "there must be at least substantial compliance with a requirement that written proof of loss be furnished to the insure[r] [sic]." There is no conflict between the federal rule of substantial compliance and the North Carolina rule requiring proof of occurrence, character and extent of loss. In order to substantially comply the proof must at least supply enough information to satisfy the reason behind the rule. Proof of loss supplies evidence of the particulars of

the occurrence and enables the insurer to determine its liability and the amount thereof. *Roberts v. Federal Crop Insurance Corp.*, 158 F.Supp. 688; 5A Appleman, *Insurance Law and Practice* § 3531 (1970); 45 C.J.S. *Insurance* § 981 (1946). Both the federal authority and state statute promote this general policy. The North Carolina statute therefore applies by virtue of paragraph J.[2] The cases relied upon by defendant concerning timeliness of proof of loss and waiver of conditions precedent do not involve the circumstances where a state statute conflicts with an applicable provision of the policy but does not conflict with federal law, and thus are distinguishable from the facts of this case.

■ To grant defendant's motion for summary judgment this Court would have to hold as a matter of law that the information contained in the notice of loss and estimate of repairs did not constitute sufficient notification of the occurrence, character and extent of loss. Items 9 and 10 of the Notice of Loss submitted by Dixie to defendant identified the occurrence and the date of loss. Items 10 and 14 supplied information concerning the character of the loss—a flood which "washed the floor and walls out. Insured did not have any contents in the warehouse at the time of the flood." Items 11 and 12 provided estimates of the total extent of loss and the amount of loss insured under this policy at $80,000. The loss was itemized and raised to $147,025.00 in the written estimate of repairs prepared by the H. S. Williams Company and given the defendant well within 60 days after the flood's occurrence. The Court cannot hold this information insufficient compliance with the proof of loss provision as a matter of law.[3]

---

**2.** Alternatively, applying the traditional common-law techniques of decision and drawing upon the standard insurance law principle of substantial performance, the Court cannot conclude as a matter of law that Dixie failed to adequately perform the proof of loss requirement. *Roberts v. Federal Crop Insurance Corp.*, 158 F.Supp. 688 (E.D.Wash.1958).

**3.** In a case construing N.C.Gen.Stat. § 58–31.1 the insured complied with the provision by submitting notice of loss, an estimate of repairs by a contractor of their choice, and an estimate of repairs by a contractor chosen by the insurer. *Avis v. Hartford Fire Insurance Co.*, 283 N.C. 142, 195 S.E.2d 545 (1973). In the instant case plaintiff supplied the same items except for the estimate by the insurance company's contractor. While a second estimate would allow the

IT IS, THEREFORE, ORDERED that defendant's Motion for Summary Judgment be, and the same hereby is, DENIED.

---

insurer to make a more accurate estimate of its liability, its absence is not fatal to the plaintiff's case.