967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AIR SEPARATION, INC., Plaintiff,
v.
WILLIAM H. CAULEY INS., INC., a Florida Corp.,
Defendant-cross-defendant-Appellee,
v.
G.A. HAYNES; British Aviation Ins. Co., Ltd.,
Defendants-cross-claimants-Appellants,
AIR SEPARATION INC., a Nevada Corporation, Plaintiff-Appellee,
v.
Alexander HOWDEN, Ltd., Defendant-Appellant.
and
Underwriters at Lloyd's of London, Etc., et al., Defendant.
 Nos. 91-15632, 91-15660.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1992.
Decided June 17, 1992.
 
 Before GOODWIN, FLETCHER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Air Separation owned an aircraft that was operated by Jet Charter. Jet Charter was responsible for insuring the plane and paying the premiums, but Air Separation was the designated loss payee of the policy. Insurance was obtained from Lloyd's of London through Cauley, an insurance agent, and Howden, an insurance broker. Aircraft equipment worth $204,012 was stolen from the airplane. Without reporting the loss to Air Separation, Jet Charter obtained payment from Lloyd's of the policy proceeds. Air Separation sued to enforce the insurance contract and collect for its loss. The trial court found that the distribution of funds to Jet Charter was unauthorized and that defendants remained liable to Air Separation. We affirm.
 
 
 3
 The trial court had a sufficient evidentiary basis for its finding that Air Separation had not authorized Jet Charter to act on its behalf with respect to losses covered by the insurance policy. Air Separation was the designated loss payee. While there is no Nevada authority interpreting this term, both parties cite Wometco Home Theater v. Lumbermen's Mutual Casualty Co., 468 N.Y.S.2d 625, 626 (1983), aff'd, 476 N.Y.S.2d 116, 464 N.E.2d 484 (1984), for the common sense definition that a loss payee is the "designated person to whom the loss is to be paid."
 
 
 4
 The findings were prepared by the prevailing party with substantial editorial assistance from the trial court, and withstand appellate review under Fed.R.Civ.P. 52.
 
 
 5
 While we review the trial court's legal rulings independently, we find no error in the court's application of the law to the facts. The case boiled down to interpreting a multitude of communications between the various participants, and deciding what these communications meant. The court had a basis in the testimony to believe that the owner of the airplane also owned the right to the proceeds of the insurance, although the operator had a duty to pay premiums under the terms of the agreement between owner and operator. The operator was also a named insured on the policy. However, the rights of the loss payee named in the contract of insurance would trump the rights of the person paying the premium if the agreement between owner and user called for the user to pay the premium.
 
 
 6
 The court also could find that when the loss was discovered, the operator concealed the fact of the loss from the owner, and caused the insurance to be disbursed to the operator's account (to pay arrears in premiums owned the underwriters' agents and to provide a fund for the payment of future premiums).
 
 
 7
 The appellants contend that because the owner and the operator of the insured airplane were engaged in a joint venture, the operator had authority to bind the owner when it ordered the insurance distribution to itself, contrary to the loss-payable clause of the insurance contract. The trial court correctly ruled that the joint venture agreement did not authorize Jet Charter to act on Air Separation's behalf in diverting insurance money and that the terms of the insurance undertaking controlled over any alleged authority of a joint venturer to order the distribution in its own favor.
 
 
 8
 The defendants argued for the first time in their post-trial briefs that the claim was untimely under the contract. The defendants did not raise this issue in their answer. The district court correctly ruled that the failure to raise the issue before trial waived it. See Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841 F.2d 918, 924 (9th Cir.1988); see also Masella v. Blue Cross & Blue Shield of Connecticut, 936 F.2d 98, 107-08 (2d Cir.1991). Moreover, the record reveals conduct on the part of some of the parties that would have created a triable issue for tolling the time limitation. See Clark v. Truck Insurance Exchange, 95 Nev. 544, 598 P.2d 628, 629-30 (Nev.1979).
 
 
 9
 Other points were briefed and argued but do not require discussion. The case was primarily a factual one, and the trier of fact had ample evidence to determine the facts as it did. AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3