JAMES WALKER, Appellant, *v.* AMERICAN BANKERS INSURANCE GROUP, Respondent.

No. 22647

August 5, 1992                                          836 P.2d 59

*Victor Lee Miller,* Las Vegas, for Appellant.

*Rawlings, Olson & Cannon* and *Susan Holland Johnson* and *Bradley Helsten,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

### THE FACTS

On December 16, 1988, a fire substantially damaged appel-

lant's house and personal property contained therein. At the time of the fire, appellant held a homeowner's insurance policy from respondent, American Bankers Insurance Group. This policy contained conditions specifying appellant's obligations in case of loss. The conditions relevant to this case are as follows:

*CONDITIONS*

1. *What You Must Do In Case of Loss*
   In case a covered loss occurs, the *insured person* must perform the following duties:

   . . . .

   (e) send to *us,* within 60 days after loss, a proof of loss signed and sworn to by the *insured person.*

   . . .

. . . .

10. *Suit Against Us*
    *We* may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss.

(Emphasis in original.) Appellant immediately notified respondent of the fire and, shortly thereafter, respondent provided coverage for the damage to the house.

Concerning appellant's personal property, however, a dispute soon arose. On January 12, 1989, twenty-seven days after the fire, respondent's adjustor met with appellant to discuss appellant's personal property losses. At that meeting, appellant submitted a one-page list, neither signed nor sworn to, which listed personal property items that appellant claimed were destroyed in the fire. The total replacement cost claimed by appellant for these items was $5,649.85.

In a letter dated January 17, 1989, respondent's adjustor informed appellant that the one-page list did not satisfy the policy's proof of loss condition. The adjustor's letter also reminded appellant that he had to submit a signed and sworn proof of loss within sixty days after the loss. Appellant received this letter on January 24, 1989.

Sometime after receiving the adjustor's January 17 letter, appellant completed a twelve page, signed and sworn list setting forth his claimed personal property losses. This list contained many more items than the previously submitted one-page list, as evidenced by the revised replacement cost sum of $47,089.45. Appellant submitted this list to respondent's adjustor on April 3, 1989, over one hundred days after the fire. Thereafter, in a letter dated April 4, 1989, respondent acknowledged receiving the list but denied coverage because appellant had not submitted it within sixty days after the loss.

Notwithstanding respondent's April 4 letter, appellant and

respondent continued to correspond and negotiate regarding appellant's personal property claim. Ultimately, on December 10, 1990, respondent filed a complaint for declaratory relief against appellant, seeking a judicial declaration that appellant was not entitled to recover from respondent for his personal property losses.

On June 11, 1991, respondent filed a motion for summary judgment. After an August 13, 1991 hearing, the district court granted respondent's motion. This appeal followed.

## DISCUSSION

Summary judgment can be entered only when no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. NRCP 56(c); Charlie Brown Constr. Co. v. Boulder City, 106 Nev. 497, 499, 797 P.2d 946, 947 (1990). Thus, summary judgment is necessarily foreclosed if there is the slightest doubt as to the operative facts. Sawyer v. Sugarless Shops, 106 Nev. 265, 267, 792 P.2d 14, 15 (1990).

In considering a motion for summary judgment, district courts must construe the evidence presented in the light most favorable to the party against whom summary judgment is sought. Butler v. Bogdanovich, 101 Nev. 449, 705 P.2d 662 (1985). All of the non-movant's statements must be accepted as true, and a district court may not pass on the credibility of affidavits. Sawyer, 106 Nev. at 268, 792 P.2d at 15-16. This court's review of an order granting summary judgment is de novo. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989). Like the district court, this court must view the evidence and the inferences arising therefrom in the light most favorable to the party against whom the motion was granted. See Orcutt v. Miller, 95 Nev. 408, 595 P.2d 1191 (1979).

As it did in its motion for summary judgment, respondent here argues that summary judgment is warranted because appellant (1) did not submit the required proof of loss forms until April 3, 1989, well beyond the policy's sixty-day requirement, and (2) failed to file suit against respondent within the one-year period of limitation set forth in the policy. We disagree.

### I. *The Proof of Loss Condition.*

In Davenport v. Republic Insurance Co., 97 Nev. 152, 154, 625 P.2d 574, 575 (1981), we held that absent an express forfeiture provision, an insured's failure to comply with a proof of loss

requirement does not preclude recovery, at least where the insured complied substantially with the requirement. The policy here does not expressly impose a forfeiture for failure to submit a proof of loss within the time prescribed. Hence, the critical question is whether appellant substantially complied with the proof of loss requirement.

Though we have not previously enunciated a test for determining whether an insured has substantially complied with a proof of loss requirement, other courts offer guidance. We find persuasive the Oregon Supreme Court's decision in Sutton v. Fire Insurance Exchange, 509 P.2d 418, 419 (Or. 1973), in which the court held that the test for substantial compliance is "whether the proof submitted by the insured fulfilled the purpose of the proof of loss." In applying this test, the *Sutton* court adopted the generally accepted view regarding the purpose of a proof of loss requirement:

> "[T]o afford the insurer an adequate opportunity for investigation, to prevent fraud and imposition upon it, and to enable it to form a [sic] intelligent estimate of its rights and liabilities before it is obliged to pay. . . . to furnish the insurer with the particulars of the loss and all data necessary to determine its liability and the amount thereof."

*Id.* (quoting George J. Couch, Cyclopedia of Insurance Law § 49A:3 (2d ed. rev. 1982)); *see also* Dixie Warehouse v. Federal Emergency Management Agency, 547 F.Supp. 81 (M.D.N.C. 1982). We adopt the *Sutton* test for this jurisdiction.

Accordingly, we must determine whether any of the documentation submitted by appellant fulfilled the purposes enumerated above. Because the determinative facts are not disputed, we shall consider this question as one of law.

In our view, appellant's one-page list fulfills the purpose of a proof of loss requirement, especially when coupled with the prompt notice appellant gave respondent concerning the fire. Although the list was unsigned and unsworn, it was submitted just twenty-seven days after the loss, and it listed appellant's destroyed personal property and the replacement cost for each item claimed. This information was sufficient to enable respondent to investigate appellant's losses, estimate its rights and liabilities, and prevent fraud and unjust claims from being asserted.

## II. *The One-Year Period of Limitation.*

The date of loss here was December 16, 1988. Respondent filed its complaint for declaratory judgment some two years later on December 18, 1990; as of that date, appellant had not brought

a lawsuit against respondent to recover on the policy. The issue presented is whether appellant is barred from bringing suit by the policy's one-year period of limitation.[1]

In Clark v. Truck Ins. Exchange, 95 Nev. 544, 598 P.2d 628 (1979), a clause in a policy required that suit be brought within twelve months after the "inception of the loss." Concluding that the twelve-month limitation period represented a reasonable balance between the insurer's interest in prompt commencement of action and the insured's need for adequate time to bring suit, this court held as follows: "We construe the clause to allow the period of limitations to run from the date of the casualty, but the period will be tolled from the time [the insured] gave notice of the loss until [the insurer] formally denies liability." *Id.* at 546, 598 P.2d at 629; *see also Davenport,* 97 Nev. at 154, 625 P.2d at 575. We reasoned that if the limitation period were strictly construed to begin from the date of loss, "then the entire period could . . . be consumed by the built-in delays of the policy and by the time in which the parties attempt to negotiate the claim." *Clark,* 95 Nev. at 546, 598 P.2d at 629.

In this case, appellant immediately notified respondent of his loss. Under *Clark,* then, the one-year limitation period was tolled until respondent formally denied its liability to appellant.

Respondent contends that it formally denied liability in the April 4, 1989, letter from its adjustor to appellant. This letter contains the following statements:

> Since [appellant's letter] was dated on the 17th of January [1989], and he was advised as to the provisions under this policy, I've been advised and given authority by my principal, [respondent], to respectfully decline payment [for personal property loss] to [appellant] based upon the sixty (60) day time limit for submission of the proof of loss.
>
> . . . .
>
> I will be at this time closing out my file, since [appellant] has been paid satisfactorily for both Building and Additional Living Expense.

These statements constitute a formal denial of liability on the part of respondent. Yet, on May 5, 1989, in response to an April 17,

---

[1]Respondent also argues that, because appellant failed to submit his proof of loss statement within sixty days after the loss, appellant is barred from bringing suit by the condition that respondent "may not be sued unless there is full compliance with all the terms of this policy." Because we believe that appellant's substantial compliance satisfied the proof of loss condition, we need not address this issue.

1989, letter written by appellant's attorney, respondent's adjustor wrote, "As soon as I hear word from [respondent] in regards to the reconsideration of this matter, I will advise you accordingly." And in correspondence to appellant's attorney dated August 7, 1989, respondent's adjustor stated, "My principal, [respondent] has instructed us to reopen our file and handle this matter on their behalf with your offices, specifically in regards to the personal property claim." Similar correspondence and negotiations between the parties continued until respondent filed its complaint for declaratory relief. Thus, we conclude that the parties continued to negotiate appellant's claim until December 10, 1990, the date on which respondent filed its complaint for declaratory relief. Accordingly, we hold that the one-year period of limitation was tolled until December 10, 1990, and, consequently, does not bar appellant from suing to recover for his personal property losses.

## CONCLUSION

For reasons set forth above, we hold, as a matter of law, that substantial compliance is sufficient to satisfy a proof of loss condition, that appellant's one-page list substantially complied with the proof of loss condition here, and that the one-year limitation period in the policy does not bar appellant from suing respondent to recover for his personal property losses. Thus, appellant is not precluded from bringing suit against respondent to recover for the losses enumerated in his one-page list, and the district court erred in granting respondent's motion for summary judgment. We hasten to add that the amount of appellant's personal property loss remains a question to be resolved by the parties through additional negotiation or litigation.

Accordingly, we reverse the district court's order granting summary judgment in favor of respondent, and we remand this case for further proceedings not inconsistent with this opinion.