FIRE INSURANCE EXCHANGE, Appellant, v. RON COR-NELL, Individually and as Guardian ad Litem for Sarah Cornell; and DAWN CORNELL, Respondents.

No. 39510

June 7, 2004                                          90 P.3d 978

*Hall Jaffe & Clayton, LLP,* and *Riley A. Clayton,* Las Vegas, for Appellant.

*Rumph & Peyton* and *Troy E. Peyton,* Las Vegas, for Respondents.

_____
[11]*See* NRS 453.336(2)(a); NRS 193.130(2)(e).

# OPINION

*Per Curiam:*

In this appeal, we consider whether the enforceability and scope of exclusionary language in a homeowner's liability insurance policy for intentional acts and child molestation is ambiguous. We conclude that the policy, by its terms, unambiguously excludes coverage in connection with claims for negligent supervision of an adult child who commits statutory sexual seduction.

## FACTS

Nineteen-year-old Milton Hernandez, a/k/a Milton Cortez, engaged in sexual intercourse with his twelve-year-old neighbor. State prosecution followed and Hernandez pleaded guilty to four counts of statutory sexual seduction. At the time of the incidents, Hernandez lived with his parents, Gonzalo and Maria Villalobos, who were insured under a homeowner's liability policy issued by appellant Fire Insurance Exchange. The minor's parents, respondents Dawn and Ron Cornell, filed a civil lawsuit, individually and on behalf of their daughter, against Hernandez. The Cornells also sued the Villaloboses, alleging, among other claims, negligent supervision of Hernandez.[2] The Villaloboses tendered defense of the action to Fire Insurance Exchange.

---

[2]The circumstances under which a parent may have a duty to supervise an adult child was not litigated below and is not addressed in this opinion.

The policy contains intentional-acts and child-molestation exclusionary clauses. First, the policy, at least in general, does not cover "*bodily injury* or *property damage* which . . . is either . . . caused intentionally by or at the direction of an *insured*; or . . . results from any *occurrence* caused by an intentional act of any *insured* where the results are reasonably foreseeable." Second, and more specifically, the policy excludes:

> [A]ctual or alleged injury or medical expenses caused by or arising out of the actual, alleged, or threatened molestation of a child by . . . any *insured* . . . . Molestation includes but is not limited to any act of sexual misconduct, sexual molestation or physical or mental abuse of a minor.

After Fire Insurance Exchange was notified of the Cornells' lawsuit, it filed a declaratory relief action against Hernandez, the Villaloboses, and the Cornells, seeking a judicial declaration of noncoverage for the statutory sexual seduction. When Hernandez and the Villaloboses did not respond to the complaint in the declaratory relief action, the district court entered a default judgment against them, indicating that the judgment had no preclusive effect upon the Cornells with respect to their claims relating to any potential insurance proceeds available under the policy.

Fire Insurance Exchange and the Cornells filed cross-motions for summary judgment on a set of stipulated facts and documents. Ultimately, the district court granted summary judgment on behalf of the Cornells, determining that the Villaloboses were covered under the policy as negligent coinsureds, but that Hernandez was not covered. This appeal followed.[3]

## DISCUSSION

We review orders granting summary judgment de novo.[4] Summary judgment is appropriate when, after a review of the record viewed in a light most favorable to the non-moving party, no genuine issues of material fact remain, and the moving party is entitled to judgment as a matter of law.[5]

The insurance policy in this case obligates Fire Insurance Exchange to defend and indemnify the Villaloboses in connection with actions brought against them for damages caused by an "oc-

---

[3]The Cornells did not appeal from the district court's order to the extent that it concluded that Hernandez was not covered under the policy. Thus, we do not address whether the policy covers Hernandez's statutory sexual seduction.

[4]*Tore, Ltd. v. Church,* 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989).

[5]*Butler v. Bogdanovich,* 101 Nev. 449, 451, 705 P.2d 662, 663 (1985).

currence." The policy defines the term "occurrence" as an accident resulting in bodily injury. While the policy does not define the term "accident," this court has recently stated that "a common definition of the term is 'a happening that is not expected, foreseen, or intended.' "[6] Fire Insurance Exchange argues that an insured's alleged negligent supervision of an adult son who commits statutory sexual seduction does not constitute a covered occurrence under the policy. We agree.

In this case, the victim's damages resulted from the statutory sexual seduction, an intentional act, and thus not an "occurrence" under the policy.[7] Even assuming that the Villaloboses knew or should have known that their son was engaging in an inappropriate sexual relationship with a minor and had a duty to interfere in their adult son's activities, their failure to prevent the sexual seduction is not an "accident" as that term is commonly understood.

In addition, even if the Villaloboses' alleged negligence could be considered an "occurrence," the policy expressly excludes coverage for any actual or alleged injury or medical expenses related to child molestation. The Cornells point out that the Villaloboses did not commit the child molestation and contend that the clause only excludes damages caused by the actor, not the Villaloboses' alleged negligence in failing to supervise their adult son. Thus, they argue that the provision is ambiguous and should be interpreted in their favor.[8] We disagree. The essence of the claim is that the Villaloboses' conduct permitted their son to sexually seduce the victim. Sexual seduction is a form of child molestation. The clause indicates that it applies to the actions of any insured that results in child molestation, not just the person who actually touches the child. Therefore, we conclude that the exclusionary language in

---

[6]*Beckwith v. State Farm Fire & Cas. Co.,* 120 Nev. 23, 26, 83 P.3d 275, 276 (2004) (concluding that an intoxicated individual's act of striking another individual was intentional and not a covered occurrence under a homeowner's insurance policy) (quoting *Webster's New World Dictionary* 8 (3d ed. 1988)).

[7]*See B.B. v. Continental Ins. Co.,* 8 F.3d 1288, 1296 (8th Cir. 1993) (concluding that sexual molestation is not a covered occurrence under an insurance policy based on an inferred-intent standard where the inherently harmful act of sexual molestation is sufficient to infer an abuser's intent to harm or injure a child); *State Farm Fire & Cas. Co. v. Smith,* 907 F.2d 900, 902-03 (9th Cir. 1990) (interpreting Nevada law to conclusively presume that anyone who intends the act of child molestation also intends the resulting harm); *J.C. Penney Cas. Ins. Co. v. M.K.,* 804 P.2d 689, 695 (Cal. 1991) (indicating that it defies human response and sensitivity to conclude that the inevitable product of child molestation is not intended).

[8]*See Clark v. Truck Ins. Exchange,* 95 Nev. 544, 546, 598 P.2d 628, 629 (1979) (indicating that, when a clause in an insurance policy is ambiguous, this court will interpret the language in favor of the insured).

this policy unequivocally excludes the Villaloboses from coverage and is not ambiguous.

## CONCLUSION

Under the specific terms of this policy, an insured's alleged negligent supervision of an adult son who commits statutory sexual seduction is not a covered occurrence, and the intentional-acts and child-molestation exclusionary language is not ambiguous. Therefore, appellant is not obligated to defend or indemnify the Villaloboses with respect to any claim or judgment against them by the Cornells in connection with the statutory sexual seduction. Accordingly, we reverse the district court order granting summary judgment on behalf of the Cornells and remand the matter to the district court with instructions to enter summary judgment in favor of Fire Insurance Exchange.