Cheryl STRABALA; Gary Strabala,
Plaintiffs—Appellants,

v.

STATE FARM FIRE & CASUALTY
INSURANCE COMPANY,
Defendant—Appellee.

No. 03–16508.

D.C. No. CV–03–00462–RLH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2005.*

Decided Feb. 18, 2005.

Charles H. McCrea, Jr., McCrea Martin Allison, Ltd., Las Vegas, NV, for Plaintiffs–Appellants.

Robert D. Martin, Niel S. Pearson, Pearson Patton Shea Foley & Kurtz, Las Vegas, NV, Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**518**

Before D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM**

Cheryl and Gary Strabala appeal the district court's Fed.R.Civ.P. 12(b)(6) dismissal of their diversity action, which alleged breach of contract, unfair claims practices, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing against State Farm Fire and Casualty Insurance, their home insurer. Because the Strabalas are contractually time-barred from bringing suit under Nevada law and because Nevada law does not recognize an independent claim of breach of fiduciary duty by an insured against its insurer, we AFFIRM the district court's dismissal of their case.

The district court did not clearly err in finding that State Farm's letter of February 21, 2002 constituted a formal denial of Appellants' "entire claim," particularly when viewed in light of Mrs. Strabala's own letters to State Farm. *See Chevron USA, Inc. v. Bronster,* 363 F.3d 846, 855 (9th Cir.2004) (reviewing the district court's factual findings for clear error).

■ The district court did not err when, citing *Clark v. Truck Insurance Exchange,* 95 Nev. 544, 598 P.2d 628 (1979), it found that the twelve-month contractual limitation began to run as of the February 21, 2002 letter from State Farm. In *Clark,* the Nevada Supreme Court held that a contractual limitation period running from the date of the casualty will be tolled from the time the insured gave notice of the loss until the insurer formally denies liability. 598 P.2d at 629. Even when the contractual limitations period is tolled to account for built-in delays, including those brought

about by the policy's proof of loss clause, the Strabalas still failed to bring suit within the twelve months required by their policy. Their claims are therefore time-barred.

■ The district court was also correct in finding that Nevada law does not recognize an independent claim for breach of fiduciary duty against an insurer. In *Powers v. United Services Automobile Association,* 114 Nev. 690, 962 P.2d 596, 602–03 (1998), the Nevada Supreme Court specifically stated that it was not creating a "new tort" but simply noting that an insurer's duty to its policyholder is "akin to a fiduciary relationship," and is "fiduciary in nature." The district court therefore did not err in concluding that, "There being no fiduciary duty, Plaintiffs' claim alleging breach of fiduciary duty fails to state a claim upon which relief can be granted."

For the foregoing reasons, the judgment of the district court is AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.