**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QUEENSRIDGE TOWERS LLC, | No. 15-15128 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00197-JCM-PAL |
| v. | |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 12, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Queensridge Towers LLC ("Queensridge") brought this

action against Allianz Global Risks US Insurance Company ("Allianz") to enforce

an insurance contract. Queensridge was the developer of a condominium project in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Las Vegas, Nevada, and Allianz insured the project under a builder's risk insurance policy.

On April 29, 2008, Queensridge's general contractor, Perini Building Company ("Perini"), gave notice to Allianz of damage to 62 panes of glass at the project. On March 22, 2011, Queensridge submitted to Allianz a sworn proof of loss identifying 5,364 damaged glass panes and claiming over $5,000,000 in repair and replacement costs. On January 9, 2012, more than three and a half years after the original notice, Allianz denied Queensridge's claim for the damaged glass.

Three hundred and sixty four days later,[1] on January 7, 2013, Queensridge filed suit against Allianz in Nevada state court, alleging, *inter alia*, breach of the insurance contract. Allianz removed the case to federal court on diversity grounds. The district court entered summary judgement for Allianz. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Queensridge's insurance policy contains an "Action Against Company" provision that bars Queensridge from filing any action against Allianz for the recovery of a claim unless the action was filed within twelve months of discovery of the loss or damage "which gives rise to the claim." Nevada law equitably tolls such insurance limitation clauses during the period between the date the insured

_____

[1] 2012 was a leap year, so lasted 366 days rather than the typical 365.

first gave notice of the loss until the date the insurer formally denies liability. *See Clark v. Truck Ins. Exch.*, 95 Nev. 544, 546 (1979).

Queensridge notified Allianz of its claim on April 29, 2008, and Allianz denied the claim on January 9, 2012. The limitation clause was tolled during this period. *See id*. Queensridge filed this action against Allianz on January 7, 2013. The earliest Queensridge could have discovered the glass damage without running afoul of the limitation clause was April 27, 2008.

The undisputed evidence shows that Queensridge discovered the glass damage before April 27, 2008. Documents from Perini dated February 27, 2007, and March 12, 2007, detail damage to 77 and 273 glass panes, respectively. Several witnesses involved with the project stated that at various times during the remainder of 2007 they observed scratches to glass at the project, including that the windows had "been badly scratched and abraded," and "exhibited excessive scratching." On October 11, 2007, Queensridge informed Perini that additional damage, including "deep horizontal scratches on the exterior," had been found, and instructed Perini "to replace windows with scratches." Because Queensridge discovered the glass damage more than twelve months before filing this action—even taking into account equitable tolling—the limitation provision bars its claim for breach of contract.

**AFFIRMED.**