NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAXWELL B. WILLIAMS and CLAIRE N. WILLIAMS, | No. 17-17368 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-01856-APG-CWH |
| v. | |
| TRAVELERS HOME AND MARINE INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted October 12, 2018**
Seattle, Washington

Before: BLACK,*** TALLMAN, and BEA, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Susan H. Black, United States Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Maxwell and Claire Williams brought a diversity insurance coverage action seeking coverage under their homeowners' policy after suffering a water loss at their residence in Las Vegas, Nevada. The Williamses appeal the district court's grant of summary judgment in favor of Travelers Home and Marine Insurance Company ("Travelers"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court properly granted summary judgment on the Williamses' claims for bad faith and violations of Nev. Rev. Stat. § 686A.310. In Nevada, a claim for bad faith must be filed within four years of the triggering event. Nev. Rev. Stat. § 11.190(2)(c). A claim based on violation of Nev. Rev. Stat. § 686A.310 must be filed within three years of the triggering event. Nev. Rev. Stat. § 11.190(3)(a). Under Nevada law, an insured's limitations period does not begin to run until the insurer "formally denies" liability or additional benefits. *See Clark v. Truck Ins. Exch.*, 598 P.2d 628, 629 (Nev. 1979). No magic words are necessary to constitute a denial of further benefits; rather the limitations period is triggered by "notif[ication] that [the] carrier has failed to fulfill its promise to pay a claim." *Grayson v. State Farm Mut. Auto. Ins.*, 971 P.2d 798, 800 (Nev. 1998); *see also Walker v. Am. Bankers Ins. Grp.*, 836 P.2d 59, 62–63 (Nev. 1992) (statement

2

that insurer was "closing out" its file constituted formal denial of liability for further payments).

Here, the limitations period was triggered by Travelers' October 5, 2011 letter, which stated that Travelers was closing the claim file because the Williamses had failed to cooperate with Travelers' previous two requests for inspection of the property and additional information in support of the claim. The letter (1) notified the Williamses that Travelers was "closing [its] file," and (2) referred the Williamses to their insurance policy's "Suit Against Us" provision, which set forth a two-year limitation period for breach of the policy. The letter put the Williamses on notice that Travelers would not make further payments on the claim.

The only evidence the Williamses offered of any post-closure activity is Travelers' July 7, 2012 letter, which advised the Williamses that Travelers did not have a record of the check it issued to them on May 26, 2011 being cashed. The letter did not indicate that any further consideration had been or would be given to the Williamses' claim or that Travelers contemplated further payment.

The Williamses filed suit on June 17, 2016—well over four years after the limitations period was triggered by the October 5, 2011 letter. Accordingly, the Williamses' claims for bad faith and violations of Nev. Rev. Stat. § 686A.310 were barred by the applicable statutes of limitation.

Second, the district court properly granted summary judgment on the Williamses' claim for breach of contract. Nevada has a six-year limitation period for general breach of contract actions. Nev. Rev. Stat. § 11.190(1)(b). However, the Policy contains a two-year suit limitation provision. Suit limitation provisions are enforceable in Nevada so long as the period provided in the contract is a "reasonable balance between the insurer's interest in prompt commencement of action and the insured's need for adequate time to bring suit." *Clark*, 598 P.2d at 629; *see also Queensridge Towers LLC v. Allianz Glob. Risks US Ins. Co.*, No. 15-15128, 2016 WL 7384054, at *1 (9th Cir. Dec. 21, 2016) (enforcing a twelve-month suit limitation provision in an insurance policy and holding that an insured's breach of contract claim against the insurer was time-barred).

As noted above, the Williamses filed suit on June 17, 2016—over four and a half years after the limitations period was triggered by the October 5, 2011 letter. The Williamses' breach of contract claim was barred by the two-year suit limitation provision.

**AFFIRMED.**